UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

LYNELL LYNNIE TAYLOR,
          *Defendant-Appellant.*

No. 03-6479

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca Beach Smith, District Judge.
(CR-00-16, CA-03-13-4)

Submitted: August 11, 2003

Decided: November 24, 2003

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

### COUNSEL

Lynell Lynnie Taylor, Appellant Pro Se. Janet S. Reincke, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lynell Lynnie Taylor appeals the district court's order dismissing his motion under 28 U.S.C. § 2255 (2000). Taylor claimed that he was unable to note a timely appeal from resentencing in his criminal conviction because his attorney was unavailable due to counsel's incarceration. The district court dismissed the motion, reasoning that Taylor suffered no prejudice from his attorney's alleged unavailability because any appeal from the resentencing would have been fruitless. On appeal, Taylor argues that the district court's decision violates this court's holding in *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993). Having previously granted a certificate of appealability on this claim, we now address its merits.

In *Peak*, this court held that counsel's failure to pursue an appeal requested by a defendant constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. *Id.* at 42. Moreover, even if a defendant does not specifically instruct counsel to file an appeal, counsel may still have a duty to consult with his client about an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478-80 (2000).

We conclude that the district court erred in dismissing Taylor's motion as to this claim by examining the potential merits of a possible appeal. Accordingly, we vacate its order dismissing Taylor's § 2255 motion as to this claim and remand for consideration in light of *Peak* and *Roe*. We express no opinion as to the merits of Taylor's underlying ineffective assistance of counsel claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*