**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lynell Lynnie TAYLOR, a/k/a Scoop,**
**a/k/a Lynnie Lynell Taylor,**
**Defendant–Appellant.**

No. 04–4104.

United States Court of Appeals,
Fourth Circuit.

Argued May 24, 2005.

Decided July 11, 2005.

**ARGUED:** Charles Michael Henter, Charlottesville, Virginia, for Appellant. Michael James Elston, Assistant United States Attorney, Office of the United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, Alexandria, Virginia, Scott W. Putney, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Before WIDENER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by published opinion. Senior Judge HAMILTON wrote the opinion, in which Judge WIDENER and Judge MOTZ joined.

## OPINION

HAMILTON, Senior Circuit Judge.

On appeal, Lynell Lynnie Taylor (Taylor) claims, *inter alia,* that he had a Sixth Amendment right to effective assistance of in connection with the government's post-conviction, post-direct appeal motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b), and that such right was violated when the district court ruled on the government's Rule 35(b) motion without him having the benefit of counsel. Taylor's claim raises the following issue of first impression in our circuit: Does a criminal defendant have a federal constitutional right to effective assistance of counsel with regard to a post-conviction, post-direct appeal motion for reduction of sentence made by the government pursuant to Federal Rule of Criminal Procedure 35(b)? We answer this question in the negative. We also find no merit to Taylor's remaining assignments of error. Accordingly, we affirm.

### I.

On March 27, 2000, a federal grand jury in the Eastern District of Virginia indicted Taylor in a multi-count, multi-defendant indictment. Count One charged Taylor and other named defendants with conspiracy to intentionally and knowingly possess with the intent to distribute and to distribute fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846. As part of the overt acts listed in Count One, the indictment charged that "[i]n or about July 1998, at Burnt Ordinary Apartments, James City County, in the Eastern District of Virginia, LYNELL LYNNIE TAYLOR, while armed with a .9mm semi-automatic pistol, distributed quantities of 'crack' cocaine." (J.A. 31). The indictment charged Taylor in seven other counts regarding individual instances of crack dealing in violation of 21 U.S.C. § 841(a)(1).

On June 7, 2000, Taylor pled guilty to Count One, the conspiracy count, in exchange for the government's oral promise to drop the remaining counts.[1] Taylor expressly acknowledged at his guilty plea hearing that the only promise the government made in return for his guilty plea on Count One was to drop the remaining counts.

The presentence report (PSR) calculated Taylor's total offense level under the United States Sentencing Guidelines at thirty-six (base offense level of thirty-six based upon drug quantity, plus two levels for possession of a dangerous weapon, minus two levels for acceptance of responsibility) and his criminal history category at III, producing a sentencing range of 235 to 293 months' imprisonment. On October 30, 2000, the district court sentenced Taylor to 235 months' imprisonment. At that time, Taylor did not attempt to challenge his conviction or sentence on direct appeal.

Just less than one year after the district court sentenced Taylor, on October 15, 2001, the government moved to reduce Taylor's sentence pursuant to Federal Rule of Criminal Procedure 35(b)(1) (the government's Rule 35(b) Motion).[2] The government's Rule 35(b) Motion sought to reduce Taylor's sentence based upon his substantial assistance to the government in investigating drug trafficking in the eastern Virginia area, but requested the district court to hold the motion "in abeyance until all of Mr. Taylor's cooperation is complete, after which the United States will file a supplement advising the court of the remainder of his cooperation." (J.A. 137). Attached to the government's Rule 35(b) Motion was a certificate of service providing that a copy of the motion was mailed to Taylor's attorney, J. Ashton Wray, Jr., at "10-B W. Queens Way, P.O. Box 547, Hampton, VA 23669, and to U.S. Probation Officer Teresa R. Hutcheson, Room 300, Post Office Bldg., 101 W. 25th, Newport News, VA 23607." (J.A. at 138).

On October 17, 2001, the district court entered an order taking the government's Rule 35(b) Motion under advisement for six months "to permit defendant's complete cooperation with the government." (J.A. 139). The order directed the Clerk of Court to send a copy of it to Taylor, Taylor's counsel, and the government.

On April 30, 2002, the government filed its "SUPPLEMENT TO MOTION FOR SENTENCE REDUCTION BASED UPON SUBSTANTIAL ASSISTANCE" with a certificate of service providing that a copy was mailed to the same parties at the same addresses as the government's Rule 35(b) Motion filed on October 15, 2001. On May 17, 2002, the district court granted the government's Rule 35(b) Motion, reducing Taylor's sentence by forty-percent to 141 months' imprisonment. The district court effectuated its granting of the government's Rule 35(b) Motion by entering a written order (the May 17, 2002 Order) providing as follows: "The court GRANTS the motion[ ] and ORDERS the sentence of Lynell Lynnie Taylor as to

1. The parties did not memorialize their plea deal in a written plea agreement. Nonetheless, the government, as agreed, subsequently moved to dismiss the remaining counts against Taylor. The district court granted the motion.

2. Federal Rule of Criminal Procedure 35(b)(1) provides:

Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
(A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
(B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.
Fed.R.Crim.P. 35(b)(1).

Count 1 reduced from two hundred thirty-five (235) months imprisonment to one hundred forty-one (141) months imprisonment. In all other respects, the sentence as originally imposed on October 30, 2000, remains the same." (J.A. 143). Docket entry number thirty-eight on the district court's docket sheet describes the May 17, 2002 Order as "AMENDED JUDGMENT ORDER: Lynell Lynnie Taylor (4) count(s) 1: 141 MONTHS IMPRISONMENT. IN ALL OTHER RESPECTS, THE SENTENCE AS ORIGINALLY IMPOSED ON 10/30/00 REMAINS THE SAME." (J.A. 9). One of Taylor's complaints in the present appeal is that the district court ruled upon the government's Rule 35(b) Motion without giving him notice and an opportunity to be heard on the motion.

On August 7, 2002, Taylor filed an untimely *pro se* notice of appeal in which he sought to challenge the district court's forty-percent reduction in his sentence as insufficient. In his handwritten notice of appeal, Taylor explained that he was unhappy with his new 141–month sentence for two reasons: (1) his lawyer had previously told him that his sentence would be reduced to at least 120 months' imprisonment; and (2) there were "a number of things that were not mentioned that was suppose to be mentioned." (J.A. 144). Taylor also explained that one of his "main reasons" for appealing was that his attorney was incarcerated at the time the district court considered the government's Rule 35(b) Motion. *Id.* After appointing counsel to represent Taylor on appeal, on January 13, 2003, we dismissed his appeal as untimely.

Taylor subsequently filed a § 2255 motion (Taylor's § 2255 Motion), *see* 28 U.S.C. § 2255, attacking his new sentence on two grounds. First, Taylor claimed that he was denied effective assistance of counsel in regard to the government's Rule 35(b) Motion. Second, Taylor claimed that he was unable to note a timely appeal from resentencing pursuant to the government's Rule 35(b) Motion because his attorney was unavailable due to counsel's incarceration.

On March 7, 2003, the district court dismissed Taylor's § 2255 Motion for several reasons. First, the district court reasoned that because it did not conduct a hearing on the government's Rule 35(b) Motion nor request any response to the motion, Taylor's counsel missed no opportunity to appear or respond. Second, citing *United States v. Pridgen,* 64 F.3d 147 (4th Cir.1995), the district court held that even a timely appeal would have been fruitless because reductions of sentences and/or denials of motions for reductions of sentences pursuant to Rule 35(b) are not appealable. Finally, the district court pointed out that Taylor had been appointed counsel for purposes of his appeal from the district court's resentencing.

Taylor timely appealed the district court's dismissal of his § 2255 Motion. We subsequently granted Taylor a certificate of appealability and issued an unpublished opinion, *United States v. Taylor* (*Taylor I* ), 81 Fed.Appx. 776 (4th Cir. 2003), in which we vacated the district court's dismissal of Taylor's § 2255 Motion and remanded the case to the district court for reconsideration in light of *United States v. Peak,* 992 F.2d 39 (4th Cir.1993) and *Roe v. Flores–Ortega,* 528 U.S. 470, 478–80, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). In *Taylor I,* we explained:

> In *Peak,* this court held that counsel's failure to pursue an appeal requested by a defendant constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. *Id.* at 42. Moreover, even if a defendant does not specifically instruct counsel to file an

appeal, counsel may still have a duty to consult with his client about an appeal. *Roe v. Flores–Ortega,* 528 U.S. 470, 478–80, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

*Taylor I,* 81 Fed.Appx. 776.

On remand, the district court granted Taylor relief on his § 2255 Motion. Specifically, the district court reinstated Taylor's "right of appeal" with respect to the district court's resentencing of him pursuant to the government's Rule 35(b) Motion. (District Court Order filed January 22, 2004).[3] The district court effectuated such reinstatement by vacating Taylor's judgment of conviction and immediately reentering it without change. The joint appendix contains a copy of the judgment of conviction with the October 30, 2000 "FILED" date crossed through, a date of "1/22/04" handwritten just below the crossed-through date, and the change initialed. (J.A. 158). Just below the handwritten change, the following typed notation appears: "SEE ORDER OF 1/22/04 VACATING and RE–ENTERING THIS JUDGMENT ON 1/22/04." (J.A. 158).

Taylor filed a timely notice of appeal from the reentered judgment of conviction. Taylor is represented in this appeal by appointed counsel.

In the present appeal, Taylor asserts several assignments of error. He claims that the district court violated his Fifth Amendment Due Process rights by ruling on the government's Rule 35(b) Motion without providing him notice of the motion and an opportunity to respond. Interestingly, he qualifies this claim by stating that "[it] is unclear whether [he] or his attorney received notice of the government's [Rule 35(b) Motion]." (Taylor's Br. at 32). Tay-

lor also claims that he had a Sixth Amendment right to effective assistance of counsel in connection with the government's Rule 35(b) Motion, which right was denied due to his counsel's incarceration. Finally, he asserts a *Booker* claim, *see United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), with respect to the district court's reliance upon facts not found by a jury in initially sentencing him on October 30, 2000.

## II.

■ As a threshold matter, we need to address the parties' confusion regarding the nature of the judgment vacated and reentered by the district court on January 22, 2004. The parties are concerned that the reentered judgment actually reinstates Taylor's original 235–month sentence. If such is the case, the government requests that we vacate such judgment and let the 141 month sentence stand. Taylor would also request that we vacate such judgment, but would urge us to vacate the district court's order granting the government's Rule 35(b) Motion and remand the case to allow for his full participation in the district court's proceedings on the government's Rule 35(b) Motion with the benefit of effective assistance of counsel.

■ The parties' confusion squarely raises the question of whether the judgment vacated and reentered by the district court on January 22, 2004 sentences Taylor to 235 months' imprisonment or 141 months' imprisonment. In answering this question, we are mindful that "[t]he intent of the sentencing court must guide any retrospective inquiry into the term and nature of a sentence." *United States v. Taylor,* 47 F.3d 508, 511 (2d Cir.1995) (internal quotation marks and citation omit-

---

**3.** For reasons neither party has sufficiently explained, neither party saw fit to include the district court's written order on remand in the joint appendix. We obtained our own copy from the district court.

ted). "Thus, to the extent that there is an ambiguity in the sentence, we properly may consider the sentencing judge's subjective intent." *Fenner v. United States Parole Comm'n*, 251 F.3d 782, 786 (9th Cir.2001). "As a general rule, [i]n determining the terms of a sentence, it is the intent of the sentencing judge which controls and that intent is to be determined by reference to the entire record." *United States v. Bull*, 214 F.3d 1275, 1279 (11th Cir.2000) (internal quotation marks omitted) (alteration in original).

To be sure, the district court could have been clearer regarding the precise nature and effect of its resentencing of Taylor pursuant to the government's Rule 35(b) Motion and following our remand of Taylor's § 2255 Motion. Nonetheless, our review of the entire record leaves us with the firm conviction that the district court amended the original judgment from 235 months' imprisonment to 141 months' imprisonment when it ruled on the merits of the government's Rule 35(b) Motion, and, therefore, when the district court granted Taylor relief on his § 2255 Motion by vacating and reentering Taylor's judgment of conviction, such judgment was the amended version sentencing Taylor to 141 months' imprisonment. The 235–month version of the judgment no longer existed.

While the district court did not expressly use the phrase "amend judgment" or "the judgment is amended" in its May 17, 2002 Order granting the government's Rule 35(b) Motion and ordering Taylor's sentence reduced from 235 months' imprisonment to 141 months' imprisonment, all record evidence supports the conclusion that the district court intended for such order to amend the judgment in this manner. First, the May 17, 2002 Order was entered on the district court's docket sheet as "**AMENDED JUDGMENT ORDER:** Lynell Lynnie Taylor (4) count(s) 1: 141

MONTHS IMPRISONMENT. IN ALL OTHER RESPECTS, THE SENTENCE AS ORIGINALLY IMPOSED ON 10/30/00 REMAINS THE SAME." (J.A. 9) (emphasis added). Second, this docket entry existed at the time the district court granted Taylor relief on his § 2255 Motion.

Third, the relief the district court granted Taylor on his § 2255 Motion (*i.e.*, the reinstatement of Taylor's right to appeal from the district court's final ruling on the government's Rule 35(b) Motion "by VACATING his judgment of conviction and REENTERING the same judgment effective this date") *only makes sense* if the judgment of conviction referenced in the district court's January 22, 2004 Order sentences Taylor to 141 months' imprisonment. We have no doubt that the district court, as we instructed, reconsidered Taylor's § 2255 Motion on remand in light of *Peak* and *Roe* and, based upon such consideration, determined that Taylor was entitled to remedial relief under Title 28, United States Code § 2255, which provides, in relevant part:

> [i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and **shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.**

(emphasis added). We have held on more than one occasion that this bolded language "confers a broad and flexible power to the district courts to fashion an appropriate remedy." *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir.1997) (internal

quotation marks omitted). Here, the district court's chosen remedy returned Taylor to the position he would have been in had the alleged constitutional error of which he complained (*i.e.,* denial of effective assistance of counsel in pursuing an appeal from the district court's amended judgment based upon the government's Rule 35(b) Motion) not occurred. Thus, it is inescapable that the district court simply restarted the appeal clock.

Fourth, the district court judge who granted Taylor's § 2255 Motion was the same judge who originally sentenced him and granted the government's Rule 35(b) Motion. Therefore, such judge was in an excellent position to interpret the state of the record. *See United States v. O'Brien,* 789 F.2d 1344, 1347 n. 2. (9th Cir.1986).

In sum, all probative evidence in the record points to the conclusion that the judgment vacated and reentered by the district court on January 22, 2004 sentences Taylor to 141 months' imprisonment. Accordingly, we hold that the judgment of conviction challenged by Taylor in the present appeal sentences him to 141 months' imprisonment.

### III.

■ We now turn to Taylor's *Booker* claim. *See Booker,* 125 S.Ct. at 738. According to Taylor, when the district court originally sentenced him on October 30, 2000 to 235 months' imprisonment, the district court violated his Sixth Amendment right to a jury trial in determining his sentence by relying upon facts not found by a jury or admitted by him.

Taylor is foreclosed from asserting a *Booker* claim in the present appeal because the original judgment of conviction entered on October 30, 2000 is not before us. The only judgment of conviction before us is the amended judgment reentered by the district court on January 22, 2004, which amended judgment sentences Taylor to 141 months' imprisonment based upon the government's Rule 35(b) Motion. Moreover, the record is undisputed that Taylor did not pursue a direct appeal from his original judgment of conviction. Accordingly, his right to challenge on direct appeal any action or ruling by the district court in connection with the district court's sentencing of him on October 30, 2000 has long since expired.

### IV.

■ We next address Taylor's claim to a Sixth Amendment right to effective assistance of counsel with respect to the government's Rule 35(b) Motion, which right he claims was violated when the district court ruled on the government's Rule 35(b) Motion without his having the benefit of counsel to represent him in the matter. He also states the record is insufficient to determine whether he was actually or constructively denied his alleged Sixth Amendment right to effective assistance of counsel with respect to the government's Rule 35(b) Motion because whether his counsel was actually incarcerated "during the relevant time is unknown...." (Taylor's Br. at 21). Accordingly, he requests that we remand this case for an evidentiary hearing to determine whether his counsel was in fact incarcerated or otherwise unavailable to him during the time the district court considered the government's Rule 35(b) Motion.

■ Taylor's Sixth Amendment right-to-counsel claim is without merit. The Sixth Amendment provides that "the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. This language entitles a criminal defendant to effective assistance of counsel at each critical stage of his prosecution, *Kirby v. Illinois,* 406

**536**

U.S. 682, 690, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), including sentencing, *Mempa v. Rhay*, 389 U.S. 128, 134–37, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Moreover, the law is well-settled that, in order to satisfy federal due process and equal protection guarantees, a criminal defendant enjoys. the right to effective assistance of counsel on direct appeal, when such direct appeal is provided as a matter of right. *See Coleman v. Thompson*, 501 U.S. 722, 755–56, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Ross v. Moffitt*, 417 U.S. 600, 611–615, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Finally, "in some exceptional cases due process does mandate the appointment of counsel for certain post-conviction proceedings," *United States v. Legree*, 205 F.3d 724, 730 (4th Cir.2000), in which fundamental fairness requires the assistance of a trained advocate. *Cf. Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (establishing a case-by-case determination for whether due process requires appointment of counsel at a probation revocation proceeding).

██ Taylor argues that the government's Rule 35(b) Motion constitutes a critical stage of his prosecution and, therefore, the Sixth Amendment guarantees him the right to effective assistance of counsel in responding to the motion. Taylor's argument initially misses the mark because a Rule 35(b) motion is not a trial-related proceeding and, therefore, the Sixth Amendment cannot serve as a source of his claimed right to counsel. *United States v. Palomo*, 80 F.3d 138, 142 (5th Cir.1996); *see also United States v. Gouveia*, 467 U.S. 180, 188–89, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984) (recognizing that "core purpose of the [Sixth Amendment] counsel guarantee is to assure aid at trial, when the accused is confronted with both the intricacies of the law and the advocacy of the public prosecutor") (internal citations, quotation marks, and alterations omitted). Rather, the source of any right to effective assistance of counsel at the post-conviction, post-direct appeal stage must be the United States Constitution's equal protection or due process guarantees. *Palomo*, 80 F.3d at 142.

For reasons we explain as follows, we hold that neither the Constitution's equal protection guarantees nor due process guarantees provide criminal defendants a right to effective assistance of counsel with respect to a motion by the government pursuant to Rule 35(b). The Supreme Court has squarely rejected suggestions that such guarantees support a federal constitutional right to counsel on direct discretionary appeals, *Wainwright v. Torna*, 455 U.S. 586, 587–88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); *Ross*, 417 U.S. at 610, 94 S.Ct. 2437, as opposed to direct appeals provided the criminal defendant as a matter of right. As the Fifth Circuit has cogently reasoned, "[i]f the right to counsel does not attach to discretionary proceedings challenging the legality of a sentence or conviction, in which the defendant and the Government are clearly engaged in an adversarial relationship, there appears little to justify holding that a convicted inmate has a right to counsel with respect to proceedings brought by the [g]overnment for the purpose of requesting the sentencing court to reduce that inmate's sentence as compensation for the provision of information useful to an ongoing government investigation or prosecution." *Palomo*, 80 F.3d at 142. In other words, because a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when the government makes a motion which can only benefit him by reducing his already final sentence.

Moreover, our rejection of Taylor's right-to-counsel claim in the present case is compelled by our rejection of the right-to-counsel claim pressed by the defendant in *Legree*. In *Legree*, the federal defendant appealed from the district court's denial of his post-conviction, post-appeal motion brought pursuant to 18 U.S.C. § 3582(c)(2), which statutory section permits a district court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," *id.* at § 3582(c)(2). *Legree*, 205 F.3d at 726.

The defendant in *Legree* argued on appeal that the district court denied him federal constitutional due process by not appointing counsel to represent him on his § 3582(c)(2) motion. *Legree*, 205 F.3d at 729. We rejected this argument on the basis that, because a motion pursuant to § 3582(c) "is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution," the defendant's motion for a reduction of sentence did not fit into the category of exceptional cases warranting appointment of counsel in a post-conviction, post-appeal proceeding. *Id.* at 730 (internal quotation marks omitted).

For purposes of right-to-counsel analysis, the government's Rule 35(b) Motion for a reduction in Taylor's sentence is indistinguishable from the defendant's § 3582(c)(2) motion in *Legree*. Both motions could only benefit the defendant by reducing his sentence which had already become final, and neither motion is "a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *Legree*, 205 F.3d at 730 (internal quotation marks omitted). In sum, we hold that Taylor possessed no federal constitutional right to counsel with respect to the government's Rule 35(b) Motion.[4] *Palomo*, 80 F.3d at 142 (no federal constitutional right to counsel attaches at Rule 35(b) stage). *See also United States v. Kimberlin*, 898 F.2d 1262, 1265 (7th Cir. 1990) (citing *Finley*, 481 U.S. at 551, 107 S.Ct. 1990, for proposition that "[a]lthough a mistake in taking a direct appeal from a conviction would be ineffective assistance of counsel, giving the defendant another opportunity to appeal without need for a formal extension of time from the district court, a blunder in prosecuting post-conviction motions under Rule 35 does not authorize a similar deferred appeal, because there is no right to effective assistance of counsel after the direct appeal"). Accordingly, even assuming *arguendo* that Taylor did not have access to effective assistance of counsel in connection with the government's Rule 35(b) Motion, the district court committed no constitutional violation by ruling on such motion under the existing circumstances.

## V.

■ Taylor next contends that his Fifth Amendment Right to Procedural Due Process was violated because neither he nor his counsel ever received notice of the government's Rule 35(b) Motion, and, therefore, he did not have an opportunity to respond at an evidentiary hearing or in

---

4. For the sake of clarity, we recognize that in *United States v. Boyce*, 352 F.2d 786 (4th Cir.1965), we held that the absence of defendant's counsel at the reduction of his sentence pursuant to Rule 35 did not constitute reversible error. Because the defendant in *Boyce* did not rely upon the United States Constitution as the source of his alleged right to counsel in connection with his Rule 35 proceeding, we do not rely upon it here.

writing.[5] He asserts, without any detail or citation to the record, "that he has information detailing his assistance in addition to that presented by the government ...," but that "given the state of the record, it is unclear what information [he] possesses." (Taylor's Br. at 31). As relief, Taylor seeks a reversal of the district court's final judgment of conviction and a remand to allow him to present evidence and otherwise comment on the government's Rule 35(b) Motion.

While the actual constitutional underpinnings of Taylor's arguments are less than clear, see United States v. Alvarez, 115 F.3d 839, 841 (11th Cir.1997) (Fifth Amendment procedural due process guarantees do not attach to Rule 35(b) proceedings because: (1) decision whether to file a Rule 35(b) Motion based upon substantial assistance lies within the sound discretion of the government; and (2) defendant faces no new threat of loss of liberty); Palomo, 80 F.3d at 142 (inmate faces no new threat of additional loss of liberty in Rule 35(b) proceeding); but see United States v. Gangi, 45 F.3d 28, 32 (2d Cir. 1995) (recognizing in dicta that district court's failure to afford defendant opportunity to be heard in response to government's Rule 35(b) Motion "would raise grave due process issues"), the operative case for us to resolve Taylor's request for relief on this issue is United States v. Pridgen, 64 F.3d 147 (4th Cir.1995).

Relevant to Taylor's appeal on this issue, Pridgen stands for the proposition that if the government does not make the extent of a defendant's assistance known to the district court in moving for a reduction in the defendant's sentence pursuant to Rule 35(b), the defendant may be entitled to an evidentiary hearing on the government's motion. Id. at 150. "The decision of the district court to conduct an evidentiary hearing [on a Rule 35(b) motion] is a matter left to the sound discretion of the district court, and we will review that decision only for an abuse of discretion." Id.

Solely for purposes of analytical discussion, we assume that neither Taylor nor his counsel received notice of the government's April 30, 2002 "SUPPLEMENT TO MOTION FOR SENTENCE REDUCTION BASED UPON SUBSTANTIAL ASSISTANCE." (J.A. 142). Thus, we hypothetically excuse Taylor's failure to request an evidentiary hearing before the district court with respect to the government's Rule 35(b) Motion or to offer a written response. The question then becomes, had Taylor requested an evidentiary hearing with respect to the government's Rule 35(b) Motion or offered a written response, would the district court have abused its discretion in denying an evidentiary hearing or in not receiving a written response? The answer is no.

Taylor's appeal on this issue is based upon his own wholly unfounded speculation that had he been allowed to respond at an evidentiary hearing or in writing to the government's Rule 35(b) Motion, he would have received an even further reduction in his already substantially reduced sentence. The reality is that Taylor has not established on appeal that an evidentiary hearing or a written response from him was necessary for the district court to properly evaluate the government's Rule 35(b) Motion. While Taylor summarily asserts in his brief "that he has information detailing his assistance in addition to that presented by the government ...," he states in the

---

**5.** Oddly, in another portion of Taylor's brief, he states that "[i]t is unclear whether Mr. Taylor or his attorney received notice of the government's motion to reduce his sentence." (Taylor's Br. at 32).

very next sentence that "given the state of the record, it is unclear what information [he] possesses." (Taylor's Br. at 31). Not surprisingly then, Taylor's brief identifies not even one incident of additional assistance that he provided the government which the government failed to present in its original Rule 35(b) Motion or in its supplement to that motion. This is so despite Taylor's outright ability to compare any additional assistance he provided the government with the government's version of his assistance as set forth in the government's motion papers contained in the joint appendix on appeal.

Under these circumstances, Taylor falls far short of establishing that the district court would have abused its discretion in refusing to conduct an evidentiary hearing had he requested one. Taylor also falls far short of showing that the district court abused its discretion by ruling on the motion in the absence of a written response from him.

Notably, this is not a case where the government expressly promised to make a Rule 35(b) Motion in exchange for Taylor's cooperation with law enforcement but reneged on its promise. *See United States v. Martin*, 25 F.3d 211, 217 (4th Cir.1994) (government's commitment to make substantial assistance motion to reward defendant for his presentence substantial assistance was tantamount to and equivalent of modification of plea agreement, and government's failure to comply with plea agreement as modified resulted in deprivation of defendant's due process rights and entitled him to specific performance of government's promise to reward him for his presentence substantial assistance; defendant could not be penalized for government's failure, albeit inadvertent, to timely make substantial assistance motion at sentencing hearing). Nor has Taylor shown that the government did not fully and fair-

ly present the extent of his assistance to the government in its Rule 35(b) Motion papers. In short, there is simply no basis in the record or Taylor's brief to warrant disturbing Taylor's final judgment of conviction sentencing him to 141 months' imprisonment.

## VI.

For the foregoing reasons and based upon the legal authority discussed and cited herein, we affirm the district court's judgment entered on January 22, 2004, which judgment sentences Taylor to 141 months' imprisonment.

*AFFIRMED*