**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-7374**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

CHARLES ANDRE MCCOULLOUGH,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(CR-03-285)

———————

Submitted:  June 28, 2006            Decided:  July 19, 2006

———————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Charles Andre McCoullough, Appellant Pro Se.  Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles Andre McCoullough appeals the district court's order denying reconsideration of its decision to reduce McCoullough's 192-month sentence to 132 months, pursuant to Fed. R. Crim. P. 35(b).

"[A]ppeals from rulings on Rule 35(b) motions are governed by 18 U.S.C. § 3742 . . . ." United States v. Hartwell, 448 F.3d 707, 712 (4th Cir. 2006). Section 3742 allows the appeal of an "otherwise final sentence if the sentence was imposed in violation of law." 18 U.S.C. § 3742(a)(1) (2000). Thus, unless the sentence was imposed in violation of law, the district court's ruling on the Rule 35 motion is not appealable. Hartwell, 448 F.3d at 713; United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995).

McCoullough's challenge to the district court's order stems from his claim that a conflict of interest existed between himself and his court-appointed attorney, Michael Meetze. McCoullough claims Meetze failed to advocate for the reduction in sentence he desired — at minimum, a 75% reduction — because McCoullough had filed a 28 U.S.C. § 2255 (2000) motion, alleging Meetze was ineffective. Because McCoullough fails to identify any error of law committed by the district court in failing to reduce his sentence to a greater extent than it did, this claim is not appealable.

To the extent that McCoullough is attempting to argue he was denied the effective assistance of counsel based on the purported conflict of interest, we note that there is no constitutional right to counsel at a Rule 35 hearing. United States v. Taylor, 414 F.3d 528, 536 (4th Cir. 2005). Absent a constitutional right to counsel, an ineffective assistance claim will not lie. Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003).

Accordingly, we dismiss McCoullough's appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED