**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4899

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH ANTHONY BUDD,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CR-98-519-DKC)

Submitted: October 31, 2006          Decided: December 4, 2006

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Stephen M. Schenning, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Anthony Budd pled guilty, pursuant to a plea agreement, to conspiring to distribute and possess with intent to distribute a quantity of marijuana and cocaine, in violation of 21 U.S.C. § 846 (2000). After we affirmed Budd's conviction and dismissed the appeal of the sentence based on his waiver of appellate rights in the plea agreement, see United States v. Budd, 3 F. App'x 153 (4th Cir. 2001) (No. 00-4329), the Government filed a motion under Fed. R. Crim. P. 35(b) to reduce Budd's sentence. The district court granted the Government's motion and entered an amended judgment sentencing Budd to 108 months of imprisonment. Budd appeals, contending that the district court abused its discretion by failing to grant a greater departure and by failing to sentence him anew in accordance with United States v. Booker, 543 U.S. 220 (2005). Budd also asserts that the Government breached the plea agreement by seeking only a two-level downward departure.* We affirm.

"[A]ppeals from rulings on Rule 35(b) motions are governed by 18 U.S.C. § 3742 [(2000)]." United States v. Hartwell, 448 F.3d 707, 712 (4th Cir. 2006) (citing United States v. Pridgen, 64 F.3d 147, 149 (4th Cir. 1995)), cert. denied, 75 U.S.L.W. 3174

---

*To the extent that Budd also attempts to challenge in this appeal the Government's failure to move for a downward departure in the original sentencing proceedings, he may not do so. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing doctrine of law of the case).

(U.S. Oct. 2, 2006) (No. 06-6076). This court does not have "jurisdiction to review the extent of the district court's downward departure, except in instances in which the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines." United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). If a defendant "alleg[es] that his otherwise final sentence was imposed in violation of law[,] [h]e may make that claim in appealing a ruling on a Rule 35(b) motion." Hartwell, 448 F.3d at 713.

Budd claims that he should have been resentenced in accordance with Booker and that the Government breached the plea agreement by moving only for a two-level downward departure for substantial assistance. Because Budd has asserted that he was sentenced in violation of law, he has stated an appealable question under 18 U.S.C. § 3742(a). Although Budd has stated an appealable question, we find that his claims fail. Budd cannot assert a Booker claim challenging his original sentence in the context of an appeal from resentencing pursuant to Rule 35(b). See United States v. Taylor, 414 F.3d 528, 535 (4th Cir. 2005). Budd challenged his sentence in appeal from the original judgment, see Budd, 3 F. App'x at 154, and his conviction became final on October 1, 2001, when the Supreme Court denied his petition for a writ of certiorari. See Allen v. Hardy, 478 U.S. 255, 258 n.1 (1986) ("By final we mean where the judgment of conviction was

rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed . . . .").  A later modification to a sentence does not affect the date on which the judgment of conviction became final.  <u>See</u> <u>United States v. Sanders</u>, 247 F.3d 139, 143 (4th Cir. 2001).  Finally, our review of the record leads us to conclude that the Government did not breach the plea agreement by moving for a downward departure of only two levels under Rule 35(b).

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>