FILED
United States Court of Appeals
Tenth Circuit

March 26, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

REUBEN MENDEZ-ZAVALA,

    Defendant-Appellant.

No. 08-2178

(D.C. No. 1:07-CR-02132-WJ-2)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **HOLLOWAY** and **BALDOCK**, Circuit Judges.[**]

Defendant Reuben Mendez-Zavala pled guilty to conspiring to possess with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. He now appeals his sentence, arguing the district court erred by enhancing his sentence with a two-level role-in-the-offense adjustment under U.S. Sentencing Guidelines (U.S.S.G.) § 3B1.1. We have jurisdiction under 28 U.S.C. § 1291. Finding no merit to Defendant's claim, we

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

affirm.

On March 20, 2008, Defendant pled guilty to an information charging Defendant with conspiring to possess with intent to distribute more than 100 grams of heroin. The plea agreement stipulated that Defendant was responsible for distributing 835 net grams of heroin. Under U.S.S.G. § 2D1.1, the Presentence Report (PSR) set Defendant's base offense level at 30. This number was calculated based on the charges against Defendant and the amount of heroin attributed to his conduct. The PSR then increased Defendant's Guidelines offense level to 32, under U.S.S.G. § 2D1.1(b)(1), for possessing a firearm while purchasing heroin from an undercover officer on August 28, 2007. The PSR then reduced Defendant's total offense level by three, under U.S.S.G. § 3E1.1, because Defendant accepted responsibility for his criminal conduct. Thus, the PSR recommended a total offense level of 29, which resulted in an advisory Guidelines range of 87 to 108 months imprisonment.

Defendant's sentencing hearing was held on July 28, 2008. The only disputed issue at sentencing was whether a sufficient factual basis existed for applying the two-level upward adjustment for Defendant's possession of a firearm during the undercover heroin buy. Defendant contended the upward adjustment should not be applied and, therefore, his total offense level should only be 27. Because the sole basis for this upward adjustment was a hearsay police report filed by the undercover

officer present at the August 28, 2008 heroin buy, the district court was initially inclined to grant Defendant's objection to the two-level enhancement. The Government, however, brought the undercover officer into court to testify regarding the August 28 heroin purchase, which occurred in a hotel parking lot while Defendant was seated in his vehicle. The officer testified that he witnessed a black Glock pistol under Defendant's leg during the exchange.

Finding the undercover officer's testimony credible, the district court concluded that the PSR correctly applied a two-level upward adjustment for Defendant's possession of a firearm. Thus, the district court agreed with the PSR's final determination of a total offense level of 29 and an advisory Guidelines range of 87-108 months. Subsequently, the district court sentenced Defendant to 96 months imprisonment.

## II.

On appeal, Defendant takes issue with an isolated statement made by the district court during the sentencing of Defendant's co-defendant, Alejandro Beltran. While discussing a two-level enhancement recommended by the Government for Beltran (based upon Beltran's supervisory role in the drug conspiracy), the district court stated:

> Now, with respect to the role adjustment sought by the government, that is under Section 3B1.1; and I'll also note, because Mr. Mendez Zavala – I did apply the two-level enhancement to Mr. Mendez-Zavala. In terms of a role adjustment with respect to Mr. Mendez-Zavala, the

3

> government did not seek one. I suppose it could have been sought. Certainly the two-level could have. It wasn't, so it wasn't applied.

R., Vol. III at 245. Defendant contends that this ambiguous statement—in which the district court suggests it applied a two-level role-in-the-offense adjustment and then states that it did not apply a two-level role-in-the-offense adjustment—requires this Court to remand for resentencing. Specifically, Defendant alleges the district court failed to give him notice of, and an opportunity to argue against, the imposition of a sentencing enhancement for playing a leading role in the drug conspiracy.

A.

Before addressing Defendant's argument that he is entitled to notice before receiving a sentencing enhancement, we must first determine whether the district court actually applied an upward adjustment for Defendant's role in the conspiracy. We refer to the entire record to make this determination. See United States v. Earley, 816 F.2d 1428, 1431 (10th Cir. 1987) (noting that "most sentencing ambiguities can be resolved by reviewing the record"); see also United States v. Taylor, 414 F.3d 528, 534 (4th Cir. 2005) (recognizing that the intent of the sentencing judge is determined by reference to the entire record); United States v. Bull, 214 F.3d 1275, 1279 (11th Cir. 2000) (same). For the reasons articulated below, we believe that no fair reading of the record would allow us to conclude that the district court applied an upward adjustment for Defendant's role in the conspiracy.

4

First, nowhere in Defendant's sentencing transcript—as opposed to the ambiguous statement made during co-defendant Beltran's sentencing hearing—can we find evidence that the district court applied a two-level upward adjustment for Defendant's role in the conspiracy. Neither the PSR nor the Government recommended such an adjustment, and the district court did not indicate it would apply one. To the contrary, the district court was very clear that Defendant received (1) a base offense level of 30, (2) a two-level increase due to the firearm possession, and (3) a three-level reduction for acceptance of responsibility, which left Defendant with a total offense level of 29. If Defendant had received a two-level upward adjustment for his role in the conspiracy, his total offense level would have been 31, *not* 29.

Second, the record reflects the district court's exhaustive and thorough attention to detail in sentencing Defendant and his co-defendants. Prior to applying the two-level upward adjustment for Defendant's possession of a firearm, the district court delayed the sentencing hearing and required the Government to bring the undercover officer into court to testify that he witnessed Defendant's firearm possession during the undercover heroin buy. Similarly, in co-defendant Beltran's sentencing hearing, the district court conducted lengthy proceedings, which included testimony from undercover officers, to establish that the two-level role-in-the-offense adjustment for Beltran was actually warranted. Thus, Defendant would have us believe the district court would covertly apply a two-level upward adjustment for

Defendant's role in the conspiracy without conducting any proceedings on the matter—despite its exercise of care and diligence to insure the other enhancements were properly applied. The district court's exacting and meticulous conduct exhibited throughout the record belies such a conclusion.

Finally, the express words of the district court contradict Defendant's assertion. First, in the comments at issue on appeal, the district court stated: "In terms of a role adjustment with respect to Mr. Mendez-Zavala, the government did not seek one. I suppose it could have been sought. Certainly the two-level could have. It wasn't, so it wasn't applied." R., Vol. III at 245. The district court reiterated this acknowledgment at the end of co-defendant Beltran's sentencing hearing when it explained why Beltran received a longer sentence than Defendant: "[T]he reason [Beltran's] guideline sentence is higher than Mr. Mendez-Zavala's is that there was a higher quantity of heroin attributed to [Beltran], *and [Beltran] received an aggravating role adjustment* based on the evidence that established that he met the criteria of Section 3B1.1(b) of the sentencing guidelines." Id. at 250 (emphasis added). This statement demonstrates the district court applied the role-in-the-offense adjustment to Beltran but *not* to Defendant.

B.

Because the record is clear that Defendant did not receive an upward adjustment for his role in the conspiracy, we need not address whether Defendant was entitled to notice before the application of a sentencing enhancement. We do,

6

however, take this moment to stress that counsel has a duty of candor to the court. See Echo Acceptance Corp. v. Household Retail Servs., Inc., 267 F.3d 1068, 1093 n.13 (10th Cir. 2001). Factual contentions made on appeal should be supported in the record. See 10th Cir. R. 46.5(B)(3). As previously noted, no fair reading of this record would allow us to conclude the district court applied a two-level enhancement for Defendant's role in the conspiracy. Defendant's entire appeal is based upon one isolated statement taken out of context. We recognize the great importance of a defendant's right to challenge possible sentencing errors, but Defendant's argument here borders on the frivolous. Appeals before this Court should be reserved for matters of potential merit. Accordingly, we reject Defendant's claim of error.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

7