[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11150
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00126-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELSTON NATHANIEL ORJUNA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 4, 2009)

Before BIRCH, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Elston Nathaniel Orjuna, pro se, appeals the district court's decision denying his motion to reconsider its judgment on a Fed. R. Crim. P. 35(b) motion filed by the government. The district court gave Orjuna a 59–month sentence reduction for providing substantial assistance to the government. He contends that his constitutional rights were violated because counsel was not appointed to represent him, he was never given an opportunity to present facts supporting a greater reduction of his sentence, and he never received a copy of the government's Rule 35(b) motion.

## I.

In 2004, Orjuna pleaded guilty to conspiring to possess five kilograms or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The district court sentenced him to 210 months imprisonment. In December 2008, the government filed a Fed. R. Crim. P. 35(b) motion requesting that the district court grant Orjuna a four-level downward departure in his offense level for providing substantial assistance to the government because he testified against the leader of a drug organization. The district court granted Orjuna a three-level downward departure and entered an amended judgment reducing Orjuna's sentence to 151 months imprisonment. Orjuna moved for reconsideration of the district court's order, arguing that he should have been appointed counsel and

permitted to present mitigating evidence before the district court ruled on the government's motion. The district court denied Orjuna's motion for reconsideration, concluding that Orjuna had no constitutional right to counsel, there was no justification for appointing him counsel, and there was no basis for reconsidering its earlier ruling. Orjuna now challenges the district court's denial of his motion for reconsideration.

## II.

We review the denial of a motion to reconsider for abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004). The existence of a right to counsel is a question of law that we review de novo. United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009). When no right to counsel exists, the decision whether to appoint counsel is left to the discretion of the district court. See id. at 795. We review the district court's decision not to appoint counsel for an abuse of discretion. See id.

Orjuna argues that the district court erred by not appointing counsel to represent him before it ruled on the government's Rule 35(b) motion.[1] Because he was not represented by counsel, Orjuna asserts that he was unable to present facts

---

[1]Orjuna argues in his initial brief that he was denied the appointment of counsel. Because Orjuna is appearing pro se "we read this liberally to invoke the right to counsel as a general matter, which would encompass all possible bases for such a right, whether they be statutory or constitutional." Webb, 565 F.3d at 794 n.3.

3

supporting a greater reduction of his sentence. The facts that he contends he was never given a chance to present to the district court are that he was targeted by other inmates because of the assistance he provided to the government and that he was threatened by the person he testified against.

Orjuna did not have a constitutional right to counsel in connection with the government's Rule 35(b) motion. The Sixth Amendment guarantees defendants a right to counsel "during those critical stages of a criminal prosecution where substantial rights of a criminal accused may be affected . . . ." Id. at 794 (internal quotations omitted). A Rule 35(b) motion is not a critical stage of the prosecution, United States v. Jackson, 923 F.2d 1494, 1496–97 (11th Cir. 1991), and thus a defendant does not have a Sixth Amendment right to counsel. See also United States v. Taylor, 414 F.3d 528, 536–37 (4th Cir. 2005) (holding that a defendant does not have a Sixth Amendment right to counsel when the government makes a Rule 35(b) motion); Id. at 536 ("[A] Rule 35(b) motion is not a trial-related proceeding and, therefore, the Sixth Amendment cannot serve as a source of his claimed right to counsel.").

Likewise, Orjuna had no Fifth Amendment right to counsel. The Fifth Amendment requires "counsel to be appointed whenever 'fundamental fairness' would demand it." Webb, 565 F.3d at 794 (citing Gagnon v. Scarpelli, 411 U.S.

778, 790, 93 S. Ct. 1756, 1763 (1973)). Fundamental fairness does not require defendants to be represented by counsel on a Rule 35(b) motion. The Federal Rules of Criminal Procedure allow Rule 35 proceedings to be held without defendants being present. See Fed. R. Crim. P. 43(b)(4) ("A defendant need not be present under any of the following circumstances: . . . [t]he proceeding involves the . . . reduction of sentence under Rule 35 . . . ."). "Since we have found that the rights afforded under Rule 43 are at least as broad as those from Fifth Amendment due process, a defendant has no right to be present at such a hearing, and thus there [is] no automatic Fifth Amendment right to counsel." Webb, 565 F.3d at 795; see also United States v. Palomo, 80 F.3d 138, 142 (5th Cir. 1996) ("The fact that a Rule 35(b) sentence reduction affects the inmate's sentence is of itself insufficient to trigger a due process right to counsel in the proceedings — in a Rule 35(b) proceeding the inmate faces no new threat of additional loss of liberty and indeed is given the opportunity to obtain a lighter sentence."). The district court's failure to appoint Orjuna counsel was not a Fifth Amendment violation.

Orjuna also had no statutory right to counsel under 18 U.S.C. § 3006A(c) because a Rule 35(b) motion is not an "ancillary matter[ ] appropriate to the proceedings." See 18 U.S.C. § 3006A(c) (giving indigent defendants a right to have counsel appointed "at every stage of the proceedings from his initial

5

appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings."); Webb, 565 F.3d at 795. Since Orjuna had no constitutional or statutory right to counsel, the decision to appoint counsel was within the district court's discretion. Id. Based on our review of the record, we conclude that the district court did not abuse its discretion.

Orjuna also contends that his Fifth Amendment procedural due process rights were violated because he never received a copy the government's Rule 35(b) motion. Orjuna's argument is without merit. In United States v. Alvarez, we indicated that due process guarantees do not attach to Rule 35(b) proceedings because the decision whether to file a Rule 35(b) motion is within the sound discretion of the government. See 115 F.3d 839, 841 (11th Cir. 1997) ("Because motions for downward departure are within the Government's discretion, [a defendant] has no protected right which gives rise to a due process claim . . . ."), superseded by rule on other grounds, Fed. R. Crim. P. 35(b), as recognized in United States v. Johnson, 241 F.3d 1049, 1054 (11th Cir. 2001). Thus, Orjuna cannot establish that his due process rights were violated. Attached to the government's Rule 35(b) motion was a certificate of service providing that notice of the motion was to be sent to his address in prison. Although Orjuna asserts that he never received the government's motion, the record suggests otherwise. We

affirm.

**AFFIRMED.**