**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6541**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

NATHAN L. SMITH,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge.  (5:01-cr-00004-4-4)

Submitted:  April 1, 2010                 Decided:  May 20, 2010

Before TRAXLER, Chief Judge, KING, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant.   Charles T. Miller, United States Attorney, Monica K. Schwartz, L. Anna Forbes, Assistant United States Attorneys, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan L. Smith appeals the district court's order denying a reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006) based on the amendments to the sentencing guidelines for crack cocaine offenses. The district court concluded that, because Smith was sentenced as a career offender, his sentencing range was unchanged as a result of the amendments. On appeal, Smith argues the district court erred in denying a sentence reduction based on his designation as a career offender and that his due process rights were violated because his appointed counsel filed a memorandum taking a "no-error position," contrary to Smith's best interests, and Smith did not have an opportunity to brief the district court directly. Specifically, Smith maintains that he had a reasonable belief that his appointed attorney would (1) inform him what she would file; and (2) take a position that might represent Smith's efforts to obtain a shorter sentence. Smith contends that he was only notified of his attorney's representation and position when he received a copy of her response and, by that time, the court had already made a ruling. He complains that he had no opportunity to notify the district court that he disagreed with his attorney's position. We affirm.

We review the district court's denial of a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of

discretion.  United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).  A defendant whose offense of conviction involved crack cocaine is eligible for a reduced sentence only if Amendment 706 lowers the defendant's applicable guideline range. See United States v. Lindsey, 556 F.3d 238, 244 (4th Cir.), cert. denied, 130 S. Ct. 182 (2009). Smith does not contest the fact that he was designated a career offender and that his offense level was derived from application of the career offender guideline.  He argues, however, that his sentencing range was "based on," at least in part, the crack cocaine guideline.

A district court, however, lacks the authority to grant a motion for a reduced sentence under Amendment 706 if the defendant seeking the reduction was sentenced pursuant to the career offender provision.  See United States v. Munn, 595 F.3d 183, 187, 192 (4th Cir. 2010) (describing circumstances, not applicable here, where a defendant's career offender designation does not bar a § 3582(c)(2) sentence reduction based on Amendment 706).  We therefore find no abuse of discretion in the district court's denial of a reduction of sentence.  To the extent Smith argues the holding in United States v. Booker, 543 U.S. 220 (2005), applies to § 3582(c)(2) proceedings, this court has expressly rejected this contention.  United States v.

<u>Dunphy</u>, 551 F.3d 247, 252-55 (4th Cir.), <u>cert. denied</u>, 129 S. Ct. 2401 (2009).

We need not consider the merits of Smith's due process argument because any error in denying a reduction without first giving Smith an opportunity to consult with counsel and be heard directly was harmless. It is clear that the reduction would have been correctly denied in any event because Smith's designation as a career offender precluded a sentence reduction in his case. <u>See generally</u> <u>United States v. Taylor</u>, 414 F.3d 528, 537 (4th Cir. 2005) (rejecting defendant's due process right to be heard claim in a Fed. R. Crim. P. 35 proceeding based on Taylor's failure to show trial court abused its discretion in refusing to conduct evidentiary hearing and ruling on the motion in the absence of a written response from him).

Accordingly, we affirm the district court's order denying Smith a reduction of sentence under § 3582(c)(2). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>