**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5081**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK THOMAS DELMONTE,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge.  (1:09-cr-00074-MR-1)

Submitted:  May 26, 2011              Decided:  August 25, 2011

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West
Virginia, for Appellant.  Anne M. Tompkins, United States
Attorney, Jennifer A. Youngs, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Thomas Delmonte appeals the $21,131 restitution order entered after Delmonte pleaded guilty to twelve counts of destruction or injury of a motor vehicle in violation of 18 U.S.C. § 1363 (2006), four counts of larceny within the territorial jurisdiction of the United States in violation of 18 U.S.C. § 661 (2006), and one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (2006). We affirm.

Delmonte first argues that his right to counsel was violated. After Delmonte's attorney presented numerous arguments during the sentencing hearing, including multiple challenges related to the appropriate amount of restition, the district court granted the parties fifteen days following the hearing to submit additional arguments regarding the amount of restitution. Delmonte's attorney did not submit further arguments, and Delmonte alleges that his attorney sent him a letter claiming that any additional arguments would be frivolous. After the expiration of the fifteen-day window, Delmonte's attorney filed a motion to withdraw from further representation of Delmonte. Because his attorney moved to withdraw and informed Delmonte that he would no longer act on his behalf, Delmonte asserts that he was denied the right to counsel.

An appellant's allegation that he was denied rights under the Sixth Amendment is reviewed de novo. See United States v. DeTemple, 162 F.3d 279, 289 (4th Cir. 1998) (applying de novo review to ineffective assistance of counsel claim). The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. That language entitles a criminal defendant to effective assistance of counsel at each critical stage of his prosecution. United States v. Taylor, 414 F.3d 528, 535 (4th Cir. 2005). This includes sentencing. Mempa v. Rhay, 389 U.S. 128, 134-37 (1967).

Delmonte asserts that his "counsel effectively ceased representing him after his sentencing hearing and before the restitution issue was fully adjudicated." Because Delmonte concedes that his attorney was present and represented him at all stages of the proceedings, the government argues that Delmonte's Sixth Amendment right to counsel was not violated. However, the mere fact that Delmonte was represented by counsel is not dispositive. Courts have previously recognized a "constructive denial" of the right to counsel when, for instance, a complete breakdown of attorney-client communication precluded effective representation, see Daniels v. Woodford, 428 F.3d 1181 (9th Cir. 2005), or an attorney completely failed to

3

"subject the prosecution's case to meaningful adversarial testing." <u>United States v. Cronic</u>, 466 U.S. 648, 659 (1984).

Nonetheless, we have reviewed the record and conclude that Delmonte was neither completely nor constructively denied his right to counsel. As noted by the government, Delmonte was represented at all stages of the proceedings below. Moreover, at sentencing, Delmonte's attorney raised a number of challenges to the calculation of the amount of restitution suggested by the Probation Office in Delmonte's presentence report.

On these facts, we discern no constructive denial of Delmonte's right to counsel. Delmonte's own assertions demonstrate that after the sentencing hearing, but before the final adjudication of the restitution issue, the lines of communication between Delmonte and his lawyer remained open. Moreover, insofar as Delmonte's attorney raised a number of challenges to the amount of restitution suggested, we cannot hold that the prosecution's case escaped adversarial testing.[*]

Next, Delmonte challenges the sufficiency of the evidence proffered in support of the restitution order. We

---

[*] To the extent that Delmonte is actually raising an ineffective assistance of counsel claim, it does not "conclusively appear[] in the trial record itself that the defendant was not provided . . . effective representation," <u>United States v. Mandello</u>, 426 F.3d 1021, 1023 (4th Cir. 1970), so the claim is not appropriately considered on direct appeal.

review orders of restitution for abuse of discretion. See United States v. Llamas, 599 F.3d 381, 391 (4th Cir. 2010). A district court abuses its discretion when it "acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007). A district court's calculation of loss is a finding of fact reviewed for clear error. United States v. Dozie, 27 F.3d 95, 99 (4th Cir. 1994). The government has the burden of proving sentencing factors by a preponderance of the evidence. See United States v. Estrada, 42 F.2d 228, 231 (4th Cir. 1994). In proving these factors, the government may rely upon information found in a defendant's presentence report unless the defendant affirmatively shows that such information is inaccurate or unreliable. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993).

The Mandatory Victim Restitution Act ("MVRA") requires restitution for the full amount of the victim's loss for "an offense against property under [Title 18]." 18 U.S.C. § 3663A(c)(1)(A)(ii) (2006). Under the MVRA, the Probation Office must compile a report containing a "complete accounting" of the losses to each victim. 18 U.S.C. § 3664(a) (2006). Delmonte argues that the evidence provided by the probation

5

office is not a complete accounting, and the record is insufficient to provide for proper appellate review of the restitution order.

Here, the Probation Office set forth the name of each victim, the amount of loss claimed, the property recovered, and the sum total of loss for restitution purposes. Delmonte made specific arguments challenging certain claims of loss (such as one victim's claim that Delmonte stole ten $100 bills from his vehicle). The district court considered those arguments and adjusted the restitution amount based on its findings. After a review of the record, we conclude that the court's findings were supported by a preponderance of the evidence and the court did not clearly err in calculating the amount of loss for restitution.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>