IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-20953
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

EDGAR ROLANDO PALOMO

Defendant-Appellant

- - - - - - - - - - - - - - - - - - -

Appeal from the United States District Court
for the Southern District of Texas

- - - - - - - - - - - - - - - - - - -
March 28, 1996

Before: GARWOOD, SMITH and DENNIS, Circuit Judges.

DENNIS, Circuit Judge.

This case raises the question whether a criminal defendant has a constitutional right to assistance of counsel in a proceeding for a sentence reduction under Rule 35(b) of the Federal Rules of Criminal Procedure. Because we find that the right to counsel does not attach to proceedings initiated by the Government to reduce an otherwise legal sentence, or negotiations concerning the same, we affirm the district court's denial of Appellant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

FACTS AND PROCEEDINGS BELOW

On February 10, 1992, Edgar Rolando Palomo pleaded guilty to one count of conspiracy to possess with intent to distribute over five kilograms of cocaine. In exchange for his plea, the

Government agreed to dismiss the remaining count of the superseding indictment, to stipulate that Palomo had accepted responsibility for his actions, to recommend that the district court sentence Palomo at the bottom of the appropriate guideline range, and to file a motion for a downward departure under § 5K1 of the Sentencing Guidelines should Palomo render the Government substantial assistance in the investigation or prosecution of another person. The Government did not move for a downward departure prior to Palomo's sentencing hearing on July 2, 1992, but otherwise complied with the terms of the plea agreement. The district court sentenced Palomo to 262 months imprisonment (a term at the bottom of the guideline range of 262 to 327 months), five years of supervised release, and a special assessment of $50.00. On July 9, 1992, Palomo filed a notice of appeal. This Court affirmed his conviction and sentence on August 5, 1993.[1] *United States v. Palomo*, 998 F.2d 253 (5th Cir.), *cert. denied*, ___ U.S. __, 114 S. Ct. 358, 126 L.Ed.2d 322 (1993).

The claim in this case may be attributed to confusion over the

---

[1] With respect to the downward departure, the plea agreement specifically provided only that "[t]he United States will file a motion for downward departure under Section 5K1 of the Sentencing Guidelines, should [Palomo] provide substantial assistance." On direct appeal from his conviction and sentence, Palomo sought alternatively specific performance of or to vacate his plea agreement, on the ground that the Government breached the plea agreement by not affording him the opportunity to provide substantial assistance through a debriefing interview prior to sentencing. A panel of this Court rejected this claim, finding that Palomo had in fact been debriefed. *See United States v. Palomo*, 998 F.2d 253, 256-57 (5th Cir.), *cert. denied*, __ U.S. __, 114 S. Ct. 358, 126 L.Ed.2d 322 (1993). Moreover, we observed that Palomo's trial counsel "implicitly agreed that it would be appropriate for the Government to seek a reduction under Rule 35 if Palomo provided substantial assistance after sentencing. Having so acquiesced, Palomo cannot now contend . . . that the Government violated the plea agreement." *Id.* at 257.

identity of Palomo's counsel. At the July 2, 1992 sentencing hearing, the district court appointed trial counsel, Paul Mewis, to act as counsel on appeal. Nonetheless, on August 6, 1992, Palomo was appointed another attorney, Thomas Bevans, following adjudication of his motion to proceed *in forma pauperis* and for appointment of counsel. Although the new appointment is reflected in the docket sheet, there is no indication that the government was informed of this change and the information does not appear to have registered in the Government's collective brain. Consequently, when the Government sought in early September 1992 to use Palomo's testimony at the upcoming trial of one of his co-defendants, the Government attorney contacted Palomo's former counsel instead of the attorney representing him at the time. The Government also engaged in *ex parte* communications with Palomo in negotiating with him to obtain his testimony and debriefing him prior to his testifying.

Palomo testified at the trial of his co-defendant on or about September 9, 1992, without having had the benefit of counsel in negotiating a sentence reduction in exchange for his testimony. On September 16, 1992, the Government filed a motion under Rule 35(b) of the Federal Rules of Criminal Procedure requesting that Palomo's sentence be reduced by approximately five years. The certificate of service indicates that the motion was mailed to Palomo's former counsel, Paul Mewis. On October 26, 1992, the district court granted the Government's motion and reduced Palomo's sentence by 60 months to a term of 202 months. On October 28, 1992, Palomo's

3

appellate counsel, Thomas Bevans, filed a response to the Government's Rule 35(b) motion requesting the district court to reduce Palomo's sentence to below 120 months on the following grounds:

> On or about 09/01/92 representations were made to Defendant and prior counsel, William Paul Mewis by the United States Attorney's Office that if Defendant testified for the government, the government would make a recommendation (Rule 35 Motion) to reduce Defendant's sentenced <u>below</u> 10 years. DEA made a similar representation to Defendant.

*Defendant's Response to the Government's Motion for Departure (Fed. R. Crim. P. 35.* Palomo did not appeal the district court's order reducing his sentence by five years.

On March 2, 1994, Palomo filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that he was denied his Sixth Amendment right to the representation of counsel during negotiations as to the Rule 35 motion and his appearance in court to testify, as well as the right to oppose or answer the government's Rule 35 motion. Following an evidentiary hearing, the United States magistrate hearing the case issued proposed findings of fact and conclusions of law. The magistrate found that Palomo was procedurally barred from raising the claim that he was "denied" counsel to oppose the Government's Rule 35 motion[2] because sufficient facts existed at the time to allow him to appeal the district court's order granting the motion and Palomo

---

[2] The magistrate recharacterized this claim as a denial of due process, as petitioner had counsel at the time and his claim was really based on the Government's failure to timely serve correct counsel with its motion, causing the opposition to the motion to be filed after the district court had already adjudicated the motion.

had not demonstrated cause and prejudice necessary to overcome the procedural bar. The magistrate found, however, that Palomo could not have appealed the district court's sentence reduction based on the government's alleged failure to comply with the terms of its Rule 35 negotiations, inasmuch as evidence of any agreement between the Government and Palomo was a matter outside the appellate record. On the merits, the magistrate determined that Palomo had not proven an enforceable agreement regarding his sentence reduction and that, regardless, a Rule 35 proceeding was not a critical stage of the criminal process requiring the assistance of counsel under the Sixth Amendment. The magistrate further observed that even assuming Palomo had a right to counsel that had been violated, such error was harmless. Consequently, the magistrate recommended that the § 2255 motion be denied. The district court adopted the magistrate's findings and recommendation. This appeal followed.

## DISCUSSION

The crux of Palomo's complaint is that he was denied the benefit of counsel during negotiations leading up to and proceedings attending the Government's Rule 35(b) motion to reduce Palomo's sentence, as well as during his testimony for the government, all in violation of his Sixth Amendment right to counsel, his "Fourteenth Amendment" right to due process,[3] and his

---

[3] Inasmuch as this is a federal prosecution, the Fourteenth Amendment obviously does not apply. We may presume that Palomo actually intended to claim a violation of his Fifth Amendment right to due process.

5

Fifth Amendment right against self-incrimination.[4] Palomo does not challenge the district court's finding that he did not adequately demonstrate the existence of an enforceable agreement with the Government regarding his Rule 35(b) sentence reduction. Moreover, Palomo's claims are not predicated on an alleged failure of the Government to comply with any representations made with respect to Palomo's agreement to plead guilty and thus the voluntariness of that plea is not at issue.

Although the district court correctly found that Palomo is procedurally barred from challenging the "denial" of counsel[5] for purposes of opposing the Rule 35(b) motion, Palomo's remaining claim that he had a constitutional right to the assistance of counsel during his dealings with the government prior to its filing of the motion is logically dependent on the existence of a right to counsel for the purposes of the Rule 35(b) motion itself.

---

[4] Because this is an appeal from the district court's denial of relief under 28 U.S.C. § 2255, we may only review Palomo's sentence for transgressions of constitutional rights and a narrow range of injuries that could not have been brought on direct appeal and which, if condoned, would result in a miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)(*per curiam*). We thus do not address the merits of any nonconstitutional claims that Palomo could have brought on direct appeal, including whether Palomo had any common law rights to enforce the alleged September 1992 agreement with the Government for it to seek a greater sentence reduction in its Rule 35(b) motion .

[5] Palomo styles his claim as one challenging the denial of counsel, although it is clear that at the time of the Rule 35(b) proceedings, he was being represented by appointed counsel. His real complaint is that he received ineffective assistance of counsel, or was *constructively* denied counsel, by the Government's failure to provide his acting counsel with notice of the Rule 35(b) proceedings. Inasmuch as the right to effective assistance of counsel is predicated on an underlying right to counsel, *see Wainwright v. Torna*, 45 U.S. 586, 587-88, 102 S. Ct. 1300, 1301, 71 L.Ed.2d 475 (1982); *Gray v. Lucas*, 710 F.2d 1048, 1061 (5th Cir.), *cert. denied*, 463 U.S. 1237, 104 S.Ct. 211, 77 L.Ed.2d 1453 (1983), we must first determine whether Palomo had a right to counsel before proceeding to analyze the quality of the assistance he received.

6

Consequently, we must determine whether a Rule 35(b) motion is the type of proceeding to which the right to counsel attaches.

A criminal defendant is constitutionally entitled to assistance of counsel "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S. Ct. 254, 257, 19 L.Ed.2d 336 (1967). The right to counsel flows from different constitutional provisions depending on the nature of the proceedings. A criminal defendant's right to counsel during critical stages of the prosecution, as well as at trial, is derived from the Sixth Amendment. *See, e.g., Gideon v. Wainwright*, 372 U.S. 335, 342-43, 83 S.Ct. 792, 795-96, 9 L.Ed.2d 799 (1963); *United States v. Taylor*, 933 F.2d 307, 312 (5th Cir.), *cert. denied*, 502 U.S. 883, 112 S. Ct. 235, 116 L.Ed.2d 191 (1991). Although less clearly grounded, a defendant's right to counsel on direct appeal as of right stems from due process and equal protection interests. *See Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L.Ed.2d 341 (1974); *Meyers v. Collins*, 8 F.3d 249, 252 n.4 (5th Cir. 1993). In addition, due process requires the appointment of counsel in certain post-conviction proceedings in which fundamental fairness necessitates the assistance of a trained advocate. *See, e.g., Gagnon v. Scarpelli*, 411 U.S. 78, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)(establishing a case-by-case determinination of whether due process requires appointment of counsel in probation revocation proceedings); *United States v.*

7

*Whitebird*, 55 F.3d 1007, 1011 n.3 (5th Cir. 1995).[6]

Palomo asks us to find that the right to counsel attaches to proceedings in which the Government requests that the sentencing court reduce an otherwise legal sentence as compensation for assistance in the prosecution of another person. He argues that such proceedings constitute a "crucial period" because a Rule 35(b) motion can affect his sentence. In pertinent part, Rule 35 provides:

> **Rule 35. Correction or Reduction of Sentence**
>
>       \*     \*     \*
>
> **(b) Correction of sentence for changed circumstances.** The court, on motion of the Government made within one year after the imposition of sentence, may reduce a sentence to reflect defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of the sentence. The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.

Fed.R.Crim.P. 35.

Although Palomo couches his right to counsel primarily as a Sixth Amendment right, it is clear that Rule 35(b) proceedings, which allow the Government to seek reduction of a *legal* sentence

---

[6] In addition, federal law establishes a statutory right to counsel under the Criminal Justice Act, which provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). Palomo did not raise a statutory right to counsel in the context of Rule 35(b) proceedings and we will not address it here.

due to changed circumstances, occur after judgment has been entered and a sentence imposed. Consequently, a Rule 35(b) motion is not a trial-related proceeding and no Sixth Amendment right to counsel attaches at this stage. *See United States v. Gouveia*, 467 U.S. 180, 104 S. Ct. 2292, 81 L.Ed.2d 146 (1984)("'core purpose' of the [Sixth Amendment] counsel guarantee is to assure aid at trial, 'when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor.'")(citations omitted); *United States v. Nevarez-Diaz*, 648 F.Supp. 1226, 1230 (N.D.Ind. 1986)(former Rule 35(b) motion "is a post-trial proceeding and, logically, because it is not part of the criminal prosecution, it is outside the scope of the sixth amendment."). Rather, any right to counsel at this stage must be grounded either in equal protection or due process. *See Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct 2437, 41 L.Ed.2d 341 (1974).

In *Ross*, the Supreme Court held that while the Constitution requires appointment of counsel for direct appeals as of right, neither due process nor equal protection mandates the appointment of counsel in state discretionary appeals. *Id. See also Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L.Ed.2d 539 (1987)(no equal protection or due process right to appointed counsel in postconviction proceedings). If the right to counsel does not attach to discretionary proceedings challenging the legality of a sentence or conviction, in which the defendant and the Government are clearly engaged in an adversarial relationship, there appears little to justify holding that a convicted inmate has

a right to counsel with respect to proceedings brought by the Government for the purpose of requesting the sentencing court to reduce that inmate's sentence as compensation for the provision of information useful to an ongoing government investigation or prosecution. *Cf. United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)(no constitutional right to counsel for reduction of sentencing proceeding under 18 U.S.C. § 3582(c)(2)); *Nevarez-Diaz*, 648 F.Supp. at 1231 (no due process right to counsel under former Rule 35 for reduction of sentence). The fact that a Rule 35(b) sentence reduction affects the inmate's sentence is of itself insufficient to trigger a due process right to counsel in the proceedings -- in a Rule 35(b) proceeding the inmate faces no new threat of additional loss of liberty and indeed is given the opportunity to obtain a lighter sentence. The district court did not err in finding that Palomo did not have Sixth Amendment or due process right to counsel with respect to his Rule 35(b) motion.

Palomo also suggests that the absence of counsel at his debriefings with the Government and during his testimony at his co-defendant's trial violated his Fifth Amendment right against self-incrimination. Palomo did not raise this claim in his § 2255 motion before the district court and did not brief it here; consequently, the claim has been waived. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 (5th Cir. 1995); *United States v. Maldonado*, 42 F.3d 906, 910 n.7 (5th Cir. 1995). In any event, Palomo has not demonstrated that the Government has used any statements against him in these proceeding. Inasmuch as no harm

has been shown, Palomo has not demonstrated an actionable violation of his right against self-incrimination. *See United States v. Fortna*, 796 F.2d 724, 732 (5th Cir.)("A finding of a constitutional violation [of the right against self-incrimination] would require assessment of resulting prejudice before any remedy may properly be determined."), *cert. denied*, 479 U.S. 950, 107 S. Ct. 437, 93 L.Ed.2d 386 (1986); *Wiley v. Doory*, 14 F.3d 993, 996 (4th Cir. 1994)("language in these [Supreme Court] cases suggests that the right against self-incrimination is not violated by the mere compulsion of statements, without a compelled waiver of the Fifth Amendment privilege or the use of the compelled statements against the maker in a criminal proceeding.").

<u>DECREE</u>

Because we find that Palomo had no constitutional right to counsel with respect to the Government's motion to reduce his sentence under Rule 35(b) of the Federal Rules of Criminal Procedure, the district court's denial of his § 2255 habeas corpus motion is AFFIRMED.