United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-40915

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ASTLEY ANTHONY GRANT,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

ON PETITION FOR REHEARING

Before JONES, Chief Judge, and BENAVIDES and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

IT IS ORDERED that the petition for panel rehearing filed by appellant is GRANTED IN

PART. The prior opinion, *United States v. Grant*, --- F.3d ---, 2007 WL 1575961 (5th Cir. 2007),

is WITHDRAWN, and the following opinion is substituted:

I. FACTUAL AND PROCEDURAL BACKGROUND

Astley Anthony Grant was convicted on August 31, 2000, of possession with intent to

distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841 (a)(1) & (b)(1)(a).

He was sentenced to 151 months' imprisonment, five years' supervised release, a fine of $1000, and special assessment of $100. After an unsuccessful appeal, his conviction became final on April 9, 2002.

On December 2, 2002, Grant filed a motion to vacate sentence under 28 U.S.C. § 2255. However, he subsequently filed a motion to dismiss his § 2255 motion, which was granted by the district court. Grant and the government then executed a stipulation providing that the motion was dismissed with prejudice.

While serving his sentence, Grant provided assistance to the Drug Enforcement Administration in connection with the investigation and prosecution of two individuals in Philadelphia, Pennsylvania. Based on this assistance, the government filed a motion to reduce Grant's sentence from 151 months to 120 months, pursuant to Federal Rule of Criminal Procedure 35(b). On June 29, 2005, the district court held a hearing on the government's motion, at which Grant's counsel, but not Grant himself, was present. After hearing testimony, the court granted the motion and reduced the sentence to 120 months.

Dissatisfied with the level of reduction, Grant filed a pro se Motion for Further Reduction of Sentence on December 19, 2005, alleging that the district court had not been apprised of the full extent of his cooperation with the government. Grant contended that, at the time of the Rule 35(b) hearing, he was in the process of informing on a third individual, for which he was entitled to a further sentence reduction.

At the hearing on Grant's motion, for which the district court appointed counsel and Grant participated via telephone, the government admitted that Grant had provided some information about the third individual but claimed the information was insubstantial, duplicitous, and ultimately not

2

useful, as this individual implicated himself before the grand jury. Thus, the government did not believe that Grant was entitled to a further reduction of sentence.

The district court accepted the factual premise that Grant provided some assistance in the investigation of the third individual, for which he had not received a sentence reduction. However, the court ruled that it was without authority to give Grant a further sentence reduction absent a new Rule 35(b) motion by the government. Because the government had not made such a motion and Grant could not show the government's failure to do so was based on an unconstitutional motive or was a breach of an explicit promise, the court denied the motion. Grant now appeals.

## II. DISCUSSION

Whether the district court had the authority to provide relief on Grant's Motion for Further Reduction of Sentence is a legal question that we review de novo. *See, e.g., United States v. Olis*, 429 F.3d 540, 545 (5th Cir. 2005) (reviewing legal analysis at sentencing de novo). The government is under no obligation to file a Rule 35(b), despite whatever substantial assistance the defendant might give. *Wade v. United States*, 504 U.S. 181, 185-86 (1992).[1] The government's refusal to file a Rule 35(b) motion is not reviewable unless that refusal is based on an unconstitutional motive, such as race or religion, *id.* at 185, or the government has "bargain[ed] away" its discretion, *United States v. Price*, 95 F.3d 364, 367-68 (5th Cir. 1996) .

Grant points to no such illicit motive or breached bargain but instead contends that the district court relied on incomplete information in making its decision. Grant argues that the government's

---

[1]Although *Wade* addresses U.S.S.G. § 5k1.1, which applies when the government moves for a sentence reduction due to substantial assistance before the defendant receives his initial sentence, Rule 35(b) incorporates the standards set out in § 5k1.1. *See also United States v. Lopez*, 26 F.3d 512, 523 (5th Cir. 1994) (describing Rule 35(b) as "§ 5k1.1's post-sentencing analog").

3

failure to apprise the district court of his continuing assistance with the additional investigation and prosecution requires the court to reconsider the extent of relief given.[2] As he correctly points out, once the government moves for a reduction in sentence, the sentencing court is not bound by the government's recommendation on whether or how much to depart but must exercise its independent discretion. *United States v. Johnson*, 33 F.3d 8, 9 (5th Cir. 1994). Similarly, the government is obliged to provide the court with accurate information regarding the defendant's assistance. *United States v. Zingsheim*, 384 F.3d 867, 872 (7th Cir. 2004); *United States v. Awad*, 371 F.3d 583, 588-92 (9th Cir. 2004).

While the government may have been required to give the court accurate information as to the individuals on which it based its Rule 35 motion, Grant is incorrect that the government also had to apprise the court of his assistance in *other* investigations. Because the government was not moving for a reduction of sentence as to the third individual, a decision which is not reviewable by this court absent a showing by Grant of illicit motive, it was under no duty to supply the court with information regarding that case.

Grant argues in the alternative that his pro se motion should have been treated as a request for habeas relief under 28 U.S.C. § 2255.[3] Because he did not raise this claim before the district

_____

[2]Grant's reliance on *In re United States*, 900 F.2d 800 (5th Cir. 1990) is misplaced. This case considered the possibility of a motion to reconsider a reduction in sentence under Rule 35 as it existed for crimes committed prior to November 1987, when either the defendant or the government could file a motion for reduction of sentence. *See id.* at 803 n.6.

[3]We note that although Grant previously filed a § 2255 motion, the instant motion is not second or successive because the facts underlying this motion arose only after his prior § 2255 motion was disposed of by the district court. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 869-71 (5th Cir. 2000). Nor did Grant file his motion outside the one-year limitation period because, although the motion was filed more than one year from the date that his conviction became final, the operative facts for this motion did not arise until June 2005.

4

court, this court reviews for plain error only. *United States v. Finley*, 477 F.3d 250, 261 (5th Cir. 2007). Grant must establish that (1) an error was committed (2) that is plain and (3) affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 734 (1993).

Grant contends that the government's behavior was a *Brady* violation because the government "withheld" evidence favorable to him. Grant is incorrect. First, the government did not withhold evidence; Grant was aware of his own cooperation with the government. *See West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996). Second, the information was not favorable to Grant in the manner he claims. Because the government did not – and was under no obligation to – move for a sentence reduction based on Grant's information about the third individual, the cooperation was not "material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Similarly, because Grant was not entitled to a sentence reduction absent a government motion related to his assistance on the additional investigation, there is no violation of due process. Grant is correct that it violates due process for a sentence to be "based upon erroneous and material information." *United States v. Tobias*, 662 F.2d 381, 388 (5th Cir. Nov. 1981). However, the information clearly was not relevant to the initial sentence, as the assistance did not occur until after his initial sentencing, and it was similarly irrelevant to the Rule 35(b) hearing, as the government only moved for a reduction of sentence based on the cases against the first two individuals. Therefore, even if Grant's motion could be construed as a habeas motion, there is no basis for relief.

## III. CONCLUSION

We affirm the judgment of the district court.