**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-20390
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LOUIS CHARLES MAYES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CR-727-1

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Louis Charles Mayes, federal prisoner # 97437-079, appeals the dismissal of a postconviction motion he styled as "Motion to Correct/Reduce Sentence as per 28 U.S.C. § 994(n)." He contends that he rendered substantial assistance to the Government and that the Government is therefore obligated to file a motion to reduce his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Mayes's reliance on § 994(n) as a basis for a sentence reduction is misplaced. Section 994(n) requires the United States Sentencing Commission to "assure that *the guidelines* reflect the general appropriateness of imposing a lower sentence . . . to take into account a defendant's substantial assistance." § 994(n) (emphasis added). By its plain language, § 994(n) imposes no duty on the Government as prosecutor, or on the sentencing court, and thus provides no basis for Mayes's motion to reduce his sentence.

The Government had no obligation to file a motion to reduce Mayes's sentence under Federal Rule of Criminal Procedure 35(b), and its refusal to do so is not reviewable unless it was based on an unconstitutional motive, or unless the Government bargained away its discretion. *See United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007). Mayes does not allege an unconstitutional motive, and his mere claim that he provided substantial assistance entitles him to no relief. *See Wade v. United States*, 504 U.S. 181, 186 (1992).

Mayes also contends that plea counsel and postconviction counsel rendered ineffective assistance by failing to facilitate a sentence reduction in exchange for assistance. The claim against plea counsel was raised and rejected in 2004 in a proceeding under 28 U.S.C. § 2255. The claims against postconviction counsel lack any legal basis because Mayes was not entitled to any counsel in his pursuit of a Rule 35 motion. *See United States v. Palomo*, 80 F.3d 138, 142 (5th Cir. 1996).

Mayes's challenge to his sentence was based on inapplicable authorities that provide no basis for relief. The judgment of the district court is AFFIRMED.