# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2010

No. 09-30341
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO RAMOS-MENDEZ, also known as Eddie, also known as Eduardo
Navarro Ramos,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20084-4

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eduardo Ramos-Mendez appeals the sentence imposed for his conviction
of conspiracy to possess and distribute five kilograms or more of cocaine and
marijuana. The district court sentenced Ramos-Mendez to 240 months of
imprisonment and five years of supervised release.

Ramos-Mendez asserts that he was sentenced based on mere estimates of
the quantities of cocaine for which he was responsible and that his criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

history score overrepresented the seriousness of his criminal history because one of his prior convictions was based on conduct that was part of the instant conspiracy. Ramos-Mendez filed no objections to his presentence report (PSR), and these contentions were not raised in the district court. Thus they are reviewed for plain error only. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007). To demonstrate plain error, Ramos-Mendez must identify an error that is obvious and that affected his substantial rights. *Hernandez-Martinez*, 485 F.3d at 273. If he makes this showing, we may exercise our discretion to notice the forfeited error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The amount of cocaine for which Ramos-Mendez was considered responsible was based on and consistent with the information provided in the factual basis accompanying his plea agreement. Additionally, Ramos-Mendez provides no evidence indicating that his 1999 offense was part of the instant conspiracy, and his bare assertion now does not demonstrate plain error. *See Hernandez-Martinez*, 485 F.3d at 273; *cf. United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007) (recognizing that defendant bears burden of demonstrating that information in PSR is inaccurate or unreliable).

Ramos-Mendez also contends that his sentence is unfair and disproportionate compared to others in the conspiracy in light of his role as "the lowly mule in the organization" and that his sentence illustrates the failure of the Guidelines with respect to defendants who have only a minor role in a conspiracy. He contends that his sentence exceeds what was required to accomplish the goals of sentencing. The record refutes the assertion that Ramos-Mendez served merely as a lowly transporter. The factual basis accompanying his plea agreement and the factual findings in his PSR reflect that he acted in concert with his brothers, who formed the top levels of the organization, in coordinating the distribution of drugs and receipt of proceeds in an extensive and voluminous enterprise. Ramos-Mendez also challenges the

district court's evaluation of the factors under 18 U.S.C. § 3553(a), contending that a sentence of 10 years of imprisonment would have been adequate. The substantive reasonableness of Ramos-Mendez's sentence is reviewed for plain error because he did not object on that ground in the district court. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009) (reviewing substantive reasonableness of revocation sentence); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Ramos-Mendez's within-guidelines sentence is presumed reasonable, *see United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), and he has not shown that the district court plainly erred in its consideration of the § 3553(a) factors. *See Peltier*, 505 F.3d at 391-92.

Lastly, Ramos-Mendez complains that the Government did not file a motion for a reduction of his sentence under FED. R. CRIM. P. 35 despite his willingness to assist the Government by testifying at the trial of other defendants. Ramos-Mendez's plea agreement indicated that the decision whether to file such a motion was entirely within the Government's discretion. His assertion is unavailing, as he provides no basis for finding that the Government acted improperly in not filing a Rule 35 motion. *See United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007).

AFFIRMED.