# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2010

Lyle W. Cayce
Clerk

No. 10-10608
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLGA BENITEZ, Also Known as Olga Osorio,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-408-4

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Olga Benitez, federal prisoner # 31283-077, asks to proceed *in forma pauperis* ("IFP") in this appeal from the denial of her "motion to compel specific per-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

formance of substantial assistance under Rule 35(b)," Federal Rules of Criminal Procedure. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This court's inquiry into good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

We may not review the government's refusal to file a rule 35(b) motion unless its refusal is premised on an unconstitutional motive, such as race or religion, or the government has bargained away its discretion. *United States v. Grant*, 493 F.3d 464, 467-68 (5th Cir. 2007). Benitez has not contended in the district court or on appeal that the government's failure to file was based on an unconstitutional motive. *See id.* at 467. She contends instead that the failure was arbitrary and without a rational basis. That contention is without merit. An "unadorned allegation of general arbitrariness" does not demonstrate that the government had an unconstitutional motive. *United States v. Urbini*, 967 F.2d 106, 110 (5th Cir. 1992).

Benitez asserts that she would not have agreed to cooperate without the government's agreement to file a rule 35(b) motion. She contends that during post-conviction meetings among her attorney, an Assistant U.S. Attorney, and case agents, the government promised to file the motion and that an evidentiary hearing is necessary to develop those facts. Benitez's contentions are not supported by the documents she filed in support of her motion. *See Grant*, 493 F.3d at 467-68; *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (stating that a movant seeking an evidentiary hearing must present independent indicia of the likely merit of his claims).

For the first time on appeal, Benitez contends that her attorney rendered ineffective assistance in failing to reduce the cooperation agreement to writing and in advising her improperly about rule 35 practice. There is no Sixth Amendment right to counsel during rule 35(b) proceedings. *United States v. Palomo*,

No. 10-10608

80 F.3d 138, 140-42 (5th Cir. 1996).

Because Benitez has not shown that her appeal will present a nonfrivolous issue, leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.