**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 30, 2011

Lyle W. Cayce
Clerk

No. 10-10561
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD ROCHA DANIELS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:06-CR-62-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ronald Rocha Daniels, federal prisoner # 35761-177, appeals from the district court's grant of the Government's motion to reduce his sentence under Federal Rule of Criminal Procedure 35(b) and the district court's denial of his motion for reconsideration. Daniels was originally sentenced to a prison term of 155 months after he pleaded guilty pursuant to a plea agreement to possessing with intent to distribute methamphetamine. The Government moved for the sentencing reduction, recommending that the district court depart

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

downward by two offense levels.   The district court ultimately decreased Daniels's sentence to 130 months, a 25-month reduction.   Unhappy with the extent of the reduction, Daniels unsuccessfully moved to reconsider.

Daniels explains on appeal that postsentencing, the Government orally promised that it would recommend "that the judge consider a [sentencing] reduction of up to 50%."   He argues that the Government breached that oral agreement when it asked for only a two-level reduction in his offense level and that the court erred in failing to take into account Daniels's agreement with the Government in granting the reduction and denying his motion for reconsideration.   He also contends that he was entitled to an evidentiary hearing.

Daniels's argument to the district court referred only to the "Plea Agreement," which the district court understood to mean the written plea agreement, and Daniels made no mention of any separate oral agreement. Because Daniels did not raise the alleged postsentencing oral agreement as grounds for his motion to reconsider in the district court, he failed to preserve this issue for review, meaning that our review is for plain error only. *See Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009).   To succeed under this standard, Daniels must show an error that is clear or obvious and that affects his substantial rights, but even so, we generally will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."   *Id*. at 1429 (internal quotation marks and citation omitted).

Rule 35(b) permits the Government to move to reduce a defendant's sentence under certain circumstances.   Though the Government generally is under no obligation to file a Rule 35(b) motion, it may bargain away its discretion.   *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007).   Once the Government moves for a reduction in the defendant's sentence, it is obliged to provide the court with accurate information about the defendant's assistance;

No. 10-10561

however, the district court is not bound by the Government's recommendation as to the extent of the departure and instead must exercise its independent discretion. *Id.*

Daniels presented the district court with no allegations, much less any proof, as to the nature of the Government's alleged oral promise, who made it, when it was made, and under what conditions it was made. Though he fills in certain details by adding new allegations in his brief to this court, he points to no evidence to support them, and, in any event, we cannot consider facts that were not presented to the district court. *See United States v. Pigno*, 922 F.2d 1162, 1168 (5th Cir. 1991). Daniels's general allegations did not meet his burden to prove that the Government breached any agreement with him. *See United States v. Price*, 95 F.3d 364, 367 (5th Cir. 1996). Accordingly, the district court did not plainly err by declining to grant a larger sentencing reduction. Nor does the record show that Daniels presented independent indicia of the likely merits of his claim warranting an evidentiary hearing. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).

The judgment of the district court is AFFIRMED. Daniels's motions for oral argument and for appointment of counsel are DENIED.