# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50034
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL NIETO-JAIMES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-545-2

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Rafael Nieto-Jaimes, federal prisoner # 84753-080, appeals the denial of his motion to compel the government to move to reduce his sentence under Rule 35 of the Federal Rules of Criminal Procedure. He claims here, as he did in the district court, that the government orally agreed at sentencing to file such a motion for testimony he was expected to give after

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50034

sentencing and that the government then refused to file the motion after the expected testimony became unnecessary.

As an initial matter, we must consider the basis for our own jurisdiction and that of the district court. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). The district court has jurisdiction to correct or modify Nieto-Jaimes's sentence in limited circumstances under 18 U.S.C. § 3582(b) and (c). The applicable provision confers jurisdiction if the government moves to reduce a sentence under Rule 35(b). § 3582(c)(1)(B).

Assuming *arguendo* that a promise was made, the district court has jurisdiction to review the government's refusal to file a Rule 35 motion only when "that refusal is based on an unconstitutional motive, such as race or religion, or the government has bargain[ed] away its discretion." *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007) (internal quotation marks and citation omitted). Nieto-Jaimes has not alleged or demonstrated any unconstitutional motive that might have permitted the court to review the government's refusal to file a Rule 35(b) motion. Neither does the record indicate that the government bargained away its discretion with respect to filing a motion under Rule 35. Nieto-Jaimes's motion to compel was thus "an unauthorized motion which the district court was without jurisdiction to entertain," because the "motion and situation do not fit any provision" of Rule 35. *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994). Accordingly, we AFFIRM on the alternative basis that the district court lacked jurisdiction to grant the motion. *See id.* at 142.

2