# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30363
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

       Plaintiff-Appellee

v.

HAZEL M. MCGARY, also known as Hazel M. Alexander, also known as Hazel M. Kimble,

       Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-73-1

Before JONES, HIGGINSON, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Hazel McGary, federal prisoner # 33797-034, is serving an 87-month sentence following her guilty-plea conviction for obstructing and impeding the due administration of the internal revenue laws, willfully aiding and assisting in the preparation of a false tax return, and aggravated identity theft. In 2017, McGary filed in the district court a motion requesting that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order the Government to file a motion for reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b), based on her substantial assistance. The district court denied the motion without reasons, and McGary later moved the court for an order requiring the Government to provide evidence supporting its decision not to file a Rule 35(b) motion. That motion, too, was denied without reasons.

Proceeding pro se and in forma pauperis, McGary argues that the Government violated its agreement to reduce her sentence and that the Government should be compelled to explain why it failed to bring such a motion or why she was ineligible for such a reduction despite her cooperation. She also asserts that her sentence is illegal because she was induced to plead guilty to the federal charges in exchange for dismissal of then-pending state charges. However, that issue was not properly raised before the district court, and we do not address it now. *See Jennings v. Owens*, 602 F.3d 652, 657 n.7 (5th Cir. 2010).

While there is no evidence that the Government agreed to move for a reduction of sentence under Rule 35(b), even if such a promise had been made, the district court would have had jurisdiction to review the Government's refusal to file the motion only if that refusal was "based on an unconstitutional motive, such as race or religion, . . . or the [G]overnment has bargain[ed] away its discretion." *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007) (internal quotation marks and citations omitted). McGary did not allege in the district court, much less make a "substantial threshold showing," that the Government's refusal was based on unconstitutional reasons, *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995), and the record does not indicate that the Government bargained away its discretion with respect to filing a

No. 18-30363

Rule 35(b) motion, *see United States v. Price*, 95 F.3d 364, 368-69 & n.2 (5th Cir. 1994).

Accordingly, McGary's motions were meaningless, "unauthorized motion[s] which the district court was without jurisdiction to entertain." *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). It is on this basis that the district court's judgment is AFFIRMED. Her motion for oral argument is DENIED.