# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2020

Lyle W. Cayce
Clerk

No. 19-60732
Summary Calendar

SEALED APPELLEE,

Plaintiff-Appellee

v.

SEALED APPELLANT, referred as 'Jane Doe',

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

After Jane Doe's 270-month sentence for conspiracy to possess methamphetamine with intent to distribute was reduced to 188 months pursuant to the Government's Federal Rule of Criminal Procedure 35(b) motion based on her substantial assistance, Doe moved the district court to compel the Government to move for an additional Rule 35(b) reduction, arguing that her reduced sentence does not adequately reflect the extent of her assistance. The district court denied relief, and Doe appeals, contending that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1) the denial of her motion to compel was error and (2) the district court should have provided her with counsel to assist the Government in preparing the original Rule 35(b) motion. She also seeks an order sealing the record on appeal. The Government moves to dismiss the appeal for lack of jurisdiction or, alternatively, for summary affirmance, arguing that Doe's challenge to the denial of Rule 35(b) relief is foreclosed.

We conclude that neither dismissal nor summary affirmance is appropriate in this case. *See Gibson v. Kilpatrick*, 773 F.3d 661, 673 (5th Cir. 2014); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We therefore deny the Government's motions to dismiss the appeal and for summary affirmance.

Nonetheless, we affirm the judgment without the need for additional briefing. Doe's mere argument that she provided substantial assistance does not entitle her to a Rule 35(b) sentence reduction. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007). Doe does not allege any unconstitutional motive on the Government's part, nor did the Government bargain away its Rule 35(b) discretion. Accordingly, Doe's argument that the district court erred by denying her motion to compel is without merit. *See United States v. Jackson*, 22 F.3d 583, 585 (5th Cir. 1994).

It is not clear that Doe's second argument—that she should have been given counsel to assist in preparing the original Rule 35(b) motion—is properly before us in light of her failure to appeal that issue following the initial grant of Rule 35(b) relief. In either event, we have long held that there is no right to counsel in relation to a Rule 35(b) motion. *See United States v. Palomo*, 80 F.3d 138, 142 (5th Cir. 1996).

The Government's motions to dismiss the appeal and for summary affirmance are DENIED. The judgment is AFFIRMED. Doe's motion to seal the record on appeal is GRANTED.