# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50459
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2024

Lyle W. Cayce
Clerk

United States of America,

        *Plaintiff—Appellee*,

*versus*

Keith Nunley,

        *Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CR-399-1

———————————————————————

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

Keith Nunley, federal prisoner # 07360-480, has moved for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his pro se motion for a sentence reduction under Federal Rule of Criminal Procedure 35, and his motion to reconsider that dismissal. The district court denied Nunley's IFP motion based on its finding that the appeal was untimely

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and its conclusion that he sought to appeal orders dismissing unauthorized motions over which it lacked jurisdiction

By moving to proceed IFP, Nunley is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court may dismiss an appeal during consideration of an interlocutory motion if the appeal is frivolous and wholly without merit. 5TH CIR. R. 42.2.

The notice of appeal filed in this case was untimely as to both the order dismissing the Rule 35(b) motion and the order disposing of the motion to reconsider. *See United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995); FED. R. APP. P. 4(b)(1)(A). Further, the appeal was filed beyond the time to extend the appeal period for good cause or excusable neglect. *See* FED. R. APP. P. 4(b)(4). Thus, the district court did not err in enforcing the time limitations set forth in Rule 4(b), and this court may not reverse its decision to do so. *See United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006).

Furthermore, Nunley has not shown that the district court erred in its alternative finding that he sought to appeal from unauthorized motions over which it lacked jurisdiction. Nunley moved under Rule 35(b) pro se, and his motion thus was unauthorized and lacked a jurisdictional basis. *See* FED. R. CRIM. P. 35(b); *United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994). His motion to reconsider also had no legal basis because it sought reexamination of the dismissal of an unauthorized motion. To the extent that he alleged that the Government was deficient for not filing a Rule 35(b) motion requesting a more significant reduction, he has not alleged or shown that the motion was not filed due to an unconstitutional motive, *Wade v. United States*, 504 U.S. 181, 185-86 (1992), or that the Government bargained away its discretion, *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007).

Accordingly, the instant appeal is without arguable merit. Nunley's request for leave to proceed IFP on appeal is therefore DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. His motion to permit an attachment to his brief is DENIED.