# United States Court of Appeals for the Fifth Circuit

---

No. 23-10928
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Stephen Hagin,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-146-1

---

Before Jolly, Graves, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Stephen Hagin, federal prisoner # 44775-177, appeals the district court's order denying his motion to compel the Government to file a Federal Rule of Criminal Procedure 35(b)(2) motion to reduce his sentence based on substantial assistance he provided in a federal investigation and prosecution of a fellow prisoner. The district court reasoned that it lacked the authority

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to grant Hagin's motion because he failed to allege that the prosecutor's refusal to file the motion was based on an unconstitutional motive or show that the Government had bargained away its discretion whether to file such a motion.  Hagin argues that the district court should have applied the rational basis standard of review and that he only had to show that the prosecutor's refusal was not based on a legitimate governmental interest.

Relief under Rule 35(b) "is permitted only on the Government's motion."  *United States v. Early*, 27 F.3d 140, 141 (5th Cir.1994).  "The government is under no obligation to file a Rule 35(b) [motion], despite whatever substantial assistance the defendant might give."  *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007) (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)).  And "[t]he government's refusal to file a Rule 35(b) motion is not reviewable unless that refusal is based on an unconstitutional motive, such as race or religion, or the government has bargain[ed] away its discretion."  *Grant*, 493 F.3d at 467 (internal quotation marks and citations omitted; brackets in original).  "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy" under Rule 35(b).  *Wade*, 504 U.S. at 186 (concerning 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1); *see Grant*, 493 F.3d at 467 (applying *Wade* to Rule 35(b)).

This court has consistently construed *Wade* as holding that a defendant must allege that the Government acted with an unconstitutional motive, notwithstanding the Court's observation that a defendant "would be entitled to relief if the prosecutor's refusal to move was not rationally related to any Government end."  *Wade*, 504 U.S. at 185-87 (quote at 186); *see, e.g.,* *United States v. Sealed Appellee*, 887 F.3d 707, 709 (5th Cir. 2018) (§ 5K1.1 motion); *Grant*, 493 F.3d at 467.  Under this standard, a defendant must show that the Government's decision was "based on his membership in an identified group, or on some specified characteristic, that the government has

no possibly legitimate grounds for treating in a discriminatory manner." *United States v. Urbani,* 967 F.2d 106, 110 (5th Cir.1992).

Hagin did not allege an unconstitutional motive on the Government's part in his motion to compel the Government to file a Rule 35(b) motion, and the Government did not bargain away its Rule 35(b) discretion. *See Grant*, 493 F.3d at 467. Thus, the district court correctly concluded that it lacked jurisdiction to entertain Hagin's motion to compel. In short, Hagin's motion to compel was "an unauthorized motion which the district court was without jurisdiction to entertain." *Early*, 27 F.3d at 142. Accordingly, its judgment is AFFIRMED.