[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13160

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EULOGIO GARCES HURTADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00176-TPB-JSS-2

_____

Before ROSENBAUM, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Eulogio Garces Hurtado appeals the district court's denial of his motion to compel the government to file a motion for reduction of sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. After careful review, we conclude that the district court did not err in denying Garces Hurtado's motion. Accordingly, we affirm.

## I.      Background

In April 2017, a federal grand jury indicted Garces Hurtado on one count each of (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), (b), and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) possession with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), and 21 U.S.C. § 960(b)(1)(B)(ii).

Garces Hurtado agreed to plead guilty to the conspiracy count. In exchange for the plea, the government agreed to drop the possession count. The plea agreement also stated that Garces Hurtado "agree[d] to cooperate fully with the United States in the investigation and prosecution of other persons." And in return, the government "agree[d] to consider" whether his cooperation qualified as "substantial assistance" warranting the government's

support for a lesser sentence.  If any cooperation occurred before sentencing, the government agreed to "consider whether such cooperation qualifie[d] as 'substantial assistance'" that warranted filing a motion for a downward departure under U.S.S.G. § 5K1.1, a motion for the imposition of a sentence below the statutory minimum under 18 U.S.C. § 3553(e), or both.  And if any cooperation occurred after sentencing, the government agreed to "consider whether such cooperation qualifie[d] as 'substantial assistance'" that warranted filing a motion for reduction of sentence under Federal Rule of Criminal Procedure 35(b).  The plea agreement clarified that

> [i]n any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

In accordance with the plea agreement, Garces Hurtado pleaded guilty to the conspiracy count before a magistrate judge. At the hearing, he acknowledged that he understood the plea agreement and confirmed that no one had "promised [him] anything different[]" than what was in the agreement "in order to get [him] to plead guilty."  On the magistrate judge's recommendation, the district court accepted the guilty plea.

The district court then held a sentencing hearing. As relevant here, the government declined to move for a downward departure under U.S.S.G. § 5K1.1, though counsel for Garces Hurtado remarked that "there was some hope and expectation for a [U.S.S.G. § 5K1.1] adjustment." Despite the government's refusal, counsel stated that there were ultimately "no objections to present to the" court. Counsel maintained, though, that Garces Hurtado "d[id] expect a probable Rule 35" motion for reduction of sentence for substantial assistance. The government then stated that it would "consider future information for Rule 35 purposes" but that at that time, "there [was] none anticipated." Ultimately, the district court announced that it would sentence Garces Hurtado to the mandatory minimum of 240 months' imprisonment, followed by ten years of supervised release. The court later entered judgment imposing the sentence.

Years later, in May 2023, Garces Hurtado moved to compel the government to file a motion for reduction of sentence under Federal Rule of Criminal Procedure 35(b).[1] He argued that he had provided substantial assistance to the government in connection with the prosecutions and convictions of others. According to Garces Hurtado, "an agent" told him that he would receive a sentence reduction for the assistance he allegedly provided. He

---

[1] Rule 35(b) allows a district court to reduce a defendant's sentence if the defendant provides "substantial assistance" to the government "in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). But the rule requires that the government first move for any reduction. *See* Fed. R. Crim. P. 35(b)(1), (2).

argued that the district court should compel specific performance of the agent's alleged promise.

The government responded by arguing that Garces Hurtado had not provided substantial assistance. The government also argued that even if he had, the district court could not grant the motion to compel the Rule 35(b) motion because Garces Hurtado had not alleged or shown that the government refused to file the motion for unconstitutional reasons.

The district court concluded that Garces Hurtado had not adequately shown that the government refused to file the Rule 35(b) motion based on an unconstitutional motive. It therefore denied Garces Hurtado's motion to compel.

Garces Hurtado then appealed.

## II.    Standard of Review

We review *de novo* whether a district court had the authority to compel the government to file a motion for reduction of sentence under Rule 35(b). *See United States v. Forney*, 9 F.3d 1492, 1498–1500 (11th Cir. 1993). We also review *de novo* whether the government has breached a plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004).

## III.    Discussion

On appeal, Garces Hurtado argues that the district court erred in denying his motion to compel the government to file a motion for reduction of sentence under Rule 35(b). Specifically, he argues that he "was told by an agent [that] he would receive" a

substantial-assistance reduction for "provid[ing] information [about] several individuals" that led to "those individuals being convicted." He claims that the agent's promise was binding and that the district court should have "compel[led] specific performance" of that promise.[2]

The government makes several arguments in response. First, relying on *Wade v. United States*, 504 U.S. 181, 185–86 (1992), the government argues that courts can review the government's refusal to file Rule 35(b) motions only when there is a "substantial threshold showing" that the refusal was "based upon an unconstitutional motive." Here, the government argues that no such showing was made. Second, the government argues that to the extent that Garces Hurtado alleges a breach of the written plea agreement, that argument fails because the government promised only to consider filing a Rule 35(b) motion, not that it would indeed file one. And third, the government argues that Garces Hurtado's allegation that "an agent" promised that the government would file a Rule 35(b) motion is conclusory and thus also fails.

After review, we agree with the government.

---

[2] Garces Hurtado relies primarily—if not exclusively—on the alleged promise from "an agent" to argue that the government should be compelled to file a Rule 35(b) motion. But he also makes broad statements that he and the government executed a "plea agreement," that he cooperated with the government as required by that agreement, and that the government never filed a Rule 35(b) motion. Because it is unclear which agreement Garces Hurtado relies on here, we address both the written plea agreement and the alleged promise from "an agent."

Federal Rule of Criminal Procedure 35(b) provides that "[u]pon the government's motion," a district court may reduce a defendant's sentence if the defendant provides "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1), (2). Rule 35(b), when standing alone, "gives the government a power, not a duty, to file a motion when the defendant has substantially assisted." *United States v. McNeese*, 547 F.3d 1307, 1308 (11th Cir. 2008) (quotation omitted). Indeed, the Supreme Court held in *Wade v. United States* that, at least absent an agreement placing an affirmative duty on the government to file a substantial-assistance motion, courts can review the government's refusal to file such a motion only when there is an allegation and a "substantial threshold showing" that the government's refusal is based on an "unconstitutional motive," such as "race or religion," or the refusal is "not rationally related to any legitimate [g]overnment end." *Wade*, 504 U.S. at 185–86; *see also Forney*, 9 F.3d at 1502–03 (applying the *Wade* standard); *McNeese*, 547 F.3d at 1308–09 (extending *Wade*'s reasoning to the Rule 35(b) context).

To be sure, though, *Wade* did not involve an allegation of an "agreement on the [g]overnment's behalf to file a substantial-assistance motion," which is what Garces Hurtado alleges here. 504 U.S. at 185. And other Supreme Court precedent holds that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). In such a case, according to Garces Hurtado, the agreement provides the grounds

to compel the government to file a substantial-assistance motion. *See United States v. Jeffries*, 908 F.2d 1520, 1527 (11th Cir. 1990) (ordering specific performance of plea agreement's terms based on the Supreme Court's holding in *Santobello*).

We need not address the interplay between *Wade* and *Santobello*. For here, neither the written plea agreement nor the alleged promise from "an agent" adequately shows that the government unconditionally agreed to file a Rule 35(b) motion in the first place. Therefore, *Wade* applies. *See Forney*, 9 F.3d at 1499–1500 (holding that *Wade* applies where the government retains discretion to file a substantial-assistance motion). And because Garces Hurtado has not shown that the government refused to move for a substantial-assistance reduction based on an unconstitutional motive or for an illegitimate reason, his arguments fail.

To begin, Garces Hurtado has not adequately shown that the government made an unconditional promise to file a Rule 35(b) motion. Put another way, he has not shown that the government "bargain[ed] away its discretion" to refuse to file the motion. *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007) (quotation omitted). Any reliance on the written plea agreement fails because, as in *Forney*, that agreement provided "only that the government would 'consider' whether [Garces Hurtado's] aid qualified [as] substantial assistance and that this determination was 'solely' that of the government." 9 F.3d at 1499. Garces Hurtado does not allege that the government did not "consider" filing a Rule 35(b)

motion for his alleged assistance, "which is *all* that it promised to do." *Id.* at 1499 n.2. Thus, to the extent that he relies on the written plea agreement to argue that the government must file a Rule 35(b) motion, he is incorrect.

Further, Garces Hurtado's conclusory allegation that "an agent" promised him that the government would file a Rule 35(b) motion is insufficient. Garces Hurtado has alleged neither when nor by whom the alleged promise was made. And his motion below was not sworn or accompanied by an affidavit or declaration. We have held in other contexts that "conclusory allegations unsupported by specifics" do not entitle a movant to an evidentiary hearing, much less to relief. *Cf. Lynn v. United States*, 365 F.3d 1225, 1238–39 (11th Cir. 2004) (holding that evidentiary hearing was not required before denying § 2255 motion based on "mere conclusory allegations"); *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (same). The same principle applies here. Garces Hurtado's conclusory allegation that "an agent" promised that the government would file a Rule 35(b) motion on his behalf lacks the required "specifics." *Lynn*, 365 F.3d at 1238–39. Also, as mentioned above, Garces Hurtado confirmed that no one "promised [him] anything different[]" than what was in his written plea agreement "in order to get [him] to plead guilty." Any reliance on the alleged promise from "an agent" thus fails.

Because there was no agreement requiring the government to file a Rule 35(b) motion, Garces Hurtado had to satisfy the principle announced in *Wade*. That is, he had to show that the

government's refusal to file the motion was based on an unconstitutional motive or that the refusal was "not rationally related to any legitimate [g]overnment end." *Wade*, 504 U.S. at 185–86. Here, he has done neither. Indeed, he has disclaimed any reliance on *Wade*. The district court therefore did not err in denying his motion to compel.

## IV.    Conclusion

For these reasons, we affirm the district court's denial of Garces Hurtado's motion to compel the government to file a motion for reduction of sentence under Rule 35(b).

**AFFIRMED**.