# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50451

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellant,

v.

SEALED APPELLEE,

Defendant – Appellee.

Appeal from the United States District Court
for the Western District of Texas

Before ELROD, COSTA, and HO, Circuit Judges.

PER CURIAM:

The government appeals Appellee's sentence of 80 months of imprisonment based on a 120-month statutory minimum that applies to Appellee's conviction and the absence of a motion by the government pursuant to 18 U.S.C. § 3553(e) to depart from that minimum. Because we agree that the district court erred by departing from the statutory minimum without a request by the government to do so, we VACATE and REMAND.

I.

Pursuant to a plea agreement with the government, Appellee pleaded guilty to conspiring to possess with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana. *See*

21 U.S.C. § 841. The agreement explained that Appellee would be facing a mandatory minimum term of ten years and up to life imprisonment.

The presentence report (PSR) attributed 81,000 kilograms of marijuana to Appellee as relevant conduct and, following several adjustments, scored him at an offense level of 38, criminal history category of I, and sentencing range of 235 to 293 months of imprisonment. The government filed a motion for a downward departure pursuant to section 5K1.1 of the United States Sentencing Guidelines. Because of Appellee's "substantial assistance in the investigation and/or prosecution of the case," the government requested that the district court reduce Appellee's sentencing range to 135 to 168 months of imprisonment, a five-level departure. The district court granted the government's motion.

At the sentencing hearing, the district court heard argument from both parties. Appellee's counsel urged the court to sentence Appellee below the statutory minimum, saying that a ten-year sentence or more was "not warranted" and that the government should reconsider its position not to recommend a sentence below the minimum. The government's position remained the same. Ultimately, over the government's objection, the district court sentenced Appellee to 80-months imprisonment (below the 120-month statutory minimum), five-years supervised release, and a $100 special assessment. The district court later issued a written opinion with its findings of fact and conclusions of law. It scored Appellee at an offense level of 35, after reducing the amount of drugs attributed to him and altering one adjustment. This resulted in a Guidelines range of 168 to 210 months of imprisonment. The court then entered judgment in accordance with its statements at the sentencing hearing.

As the district court predicted at the sentencing hearing, the government appealed.

II.

Under 21 U.S.C. § 841(b)(1)(A)(vii), a conviction for conspiring to possess with intent to distribute 1,000 kilograms or more of marijuana triggers a ten-year mandatory minimum term of imprisonment. Absent a statutory exception, a district court lacks authority to impose a sentence below this minimum. *United States v.* Carter, 595 F.3d 575, 578–79 (5th Cir. 2010). One exception is housed in 18 U.S.C. § 3553(e). Section 3553(e) states that "*[u]pon motion of the Government*, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e) (emphasis added). Over two decades ago, the Supreme Court confirmed that, as stated in the statute's text, § 3553(e) requires a motion by the government for a departure below a statutory minimum. *Melendez v. United States*, 518 U.S. 120, 125–26 (1996).

The district court was well aware of this requirement. Nonetheless, it justified its sentencing decision by citing to the Supreme Court's decision in *Wade v. United States*, 504 U.S. 181 (1992). In *Wade*, the Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find the refusal was based on an unconstitutional motive," such as race or religion, or "was not rationally related to any legitimate Government end." 504 U.S. at 185–86. Here, the district court concluded that its departure was warranted because the government did not take into account the lower offense level scored by the district court and all of the appropriate grounds for relief, such as the fact that Appellee voluntarily withdrew from the conspiracy at an early point, expressed a heightened degree of remorse, and immediately began to take affirmative steps of rehabilitation after withdrawing. These steps included

encouraging others in the conspiracy to withdraw, volunteering at a local church, and maintaining a legitimate job. The district court also expressly stated that it "disagrees with the concept of mandatory minimum sentencing by which members of the legislature and the executive who do not see the human beings before the Court nevertheless impose on the judiciary arbitrary minimum sentences."

Regardless of the district court's own policy views about the use of mandatory minimum sentences, the law in this area is clear. And we must faithfully apply it. A motion by the government was required for the district court to depart below the minimum term of imprisonment established by Congress for the drug offense Appellee committed. Thus, it was error for the district court to *sua sponte* depart from the minimum. In addition, the district court cites to no unconstitutional motive on the government's part in recommending a substantial-assistance departure of five levels, but not one that went below the statutory minimum, for Appellee's cooperation. The government explained that it made its five-level recommendation because Appellee had not done several of the things that typically result in a motion under section 5K.1.1 of the Guidelines, such as testifying against or helping the government indict other conspirators, and because the recommendation was consistent with departures given to other members of the conspiracy, some less involved than Appellee. This choice of degree was within the government's discretion.

* * *

For the above reasons, we VACATE the judgment of sentence and REMAND for resentencing consistent with this opinion.[1]

---

[1] Appellee argues that the government "did not retain the right" to appeal Appellee's sentence, because of a line in the plea agreement that "the Government reserves the right to advocate *in support* of the Court's judgment should this case be presented to an appellate court." Because the government now argues *against* the court's judgment, Appellee argues that its appeal of his sentence is a breach of the plea agreement. In addition to this line about the government's rights, the plea agreement states that Appellee agreed to "voluntarily and knowingly waive[] his right to appeal his sentence on any ground." No similar waiver was included with respect to the government. And we do not agree that the government's specific reservation of its right to support the district court's judgment led either party to reasonably believe that the government could not itself appeal the district court's judgment. Thus, we conclude that the government was within its rights in pursuing this appeal.