# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2021

Lyle W. Cayce
Clerk

No. 20-20451
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellant*,

*versus*

LAURA LONGORIA,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-476-2

Before OWEN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.

PER CURIAM:*

Laura Longoria pleaded guilty to conspiring to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Over the Government's objection, the district court sentenced Longoria below the statutory minimum to a term

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20451

of seventy-eight months' imprisonment along with a five-year term of supervised release. The Government timely appealed.

Under 21 U.S.C. § 841(b)(1)(A)(viii), a conviction for conspiring to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine triggers a ten-year mandatory minimum term of imprisonment. "Absent a statutory exception, a district court lacks authority to impose a sentence below this minimum." *United States v. Sealed Appellee*, 887 F.3d 707, 709 (5th Cir. 2018) (per curiam) (citing *United States v. Carter*, 595 F.3d 575, 578-79 (5th Cir. 2010)).

Because the district court did not purport to apply a statutory exception to the mandatory minimum sentence of imprisonment, we agree with the parties that the sentence of imprisonment should be VACATED, and that the matter should be REMANDED for resentencing. On remand, the district court should determine whether a statutory exception to the mandatory minimum sentence applies and resentence Longoria accordingly.